**In re A & B LIQUIDATING, INC., formerly known as Yale Industrial Trucks—Baltimore/Washington, Inc., Debtor.**

**Bankruptcy No. 82–00115–R.**

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

March 25, 1982.

Augustus C. Epps, Jr., Christian, Barton, Epps, Brent & Chappell, Richmond, Va., for Eaton Corp.

Christopher R. West, Gebhardt & Smith, Baltimore, Md., for James M. Smith, Assignee for the Benefit of Creditors of A & B Liquidating, Inc.

## MEMORANDUM OPINION AND ORDER

HENRY D. EVANS, Bankruptcy Judge.

This matter comes on upon the filing by Eaton Corporation (Eaton) of a motion to strike the answer filed herein by James M. Smith, Assignee for the Benefit of Creditors of A & B Liquidating, Inc. (Smith). Eaton argues this Court must strike Smith's answer to an involuntary petition filed against A & B Liquidating, Inc. (A & B) on the ground that Smith has no standing to file an answer.

On January 27, 1982, Eaton and several other creditors of A & B filed with this Court a petition for an involuntary order of relief against A & B. The petitioning creditors alleged that A & B was not generally paying its debts as they became due and that A & B made an assignment for the benefit of its creditors to Smith. On February 17, 1982, Smith filed his answer to the petition for an involuntary order for relief. A & B, the Debtor, has yet to file an answer with this Court.

Courts uniformly have held that a creditor has no standing to oppose an involuntary bankruptcy petition. 11 U.S.C. § 303(d) provides in pertinent part "[t]he debtor, or a general partner in a partnership debtor that did not join in the petition, may file an answer to a petition under this section." Prior to 1938, Courts allowed

creditors to answer involuntary bankruptcy petitions. 11 U.S.C. § 41(b) as originally enacted in 1898, provided "[t]he bankrupt, or any creditor, may appear and plead to the petition within five days after the return day, or within such further time as the Court may allow." Congress deleted the words "or any creditor" when it enacted the Bankruptcy Act of 1938.

> "It has long been settled that Congress in adopting the Bankruptcy Act of 1938 rewrote § 18, sub. b of the 1898 version of the Act to eliminate the right of a creditor to be heard in opposition to an adjudication in bankruptcy." *In re Jack Kardow Plumbing Company*, 451 F.2d 123, 129 (5th Cir. 1971).

The House Report details the reason for the deletion.

> "The right of creditors to file an answer and oppose the petition has been eliminated in the amendment of § 18(b), and § 59(f) has been changed to correspond to this amendment. The creditors should not be permitted to oppose an adjudication; invariably, the motive of such a creditor is to protect a preference or to retain some other undue advantage at the expense of the other creditors, contrary to the fundamental purpose of the Act— an equitable distribution among all creditors." H.R.Rep. No. 1409, 75th Cong., 1st Sess. 17 (1937).

Eaton contends that because creditors are not allowed to file answers to involuntary petitions, Smith as the Assignee for the Benefit of Creditors also is prohibited from doing so. Eaton contends A & B, the Debtor, is the appropriate party to file an answer.

■ An assignment for the benefit of creditors is a voluntary transfer by a debtor of his property to an assignee, in trust, to use the property and proceeds thereof to pay his debts and return the surplus, if any, to him. Nathanson, *Assignments for the Benefit of Creditors*, XVII Maryland Law Review 17 (1957). The Debtor's assignment

of this property for the benefit of his creditors acts as a conveyance of title to such property to the Trustee. *In re Careful Laundry*, 204 Md. 360, 104 A.2d 813 (1954). Once the debtor has executed the assignments he has no title or interest in the assigned property until the debts covered by the assignment are satisfied. 3 Maryland Law Encyclopedia, *Assignments for the Benefit of Creditors* § 2 (1978). As a result, *the assignee stands in the shoes of the debtor*. *Plitt v. Stevan*, 223 Md. 178, 162 A.2d 762, 765 (1960).

■ Although debtors have been the traditional parties to contest the filing of involuntary petitions, an assignee for the benefit of creditors has a sufficient personal interest in the issues raised to ensure "... that concrete adverseness which sharpens the presentation of issues ..." which is necessary for standing. See *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). Smith's interest in contesting the petition is bolstered by Maryland law which gives an assignee the right to prosecute legal proceedings.[1] Generally, an assignment for the benefit of creditors passes to the assignee the debtor's interest in all the property he owned at the time of the assignment. *McElroy v. Seery*, 61 Md. 389, 398 (1884). In the instant case, A & B assigned to Smith all of its right, title and interest in its property, real and personal, and its claims except that the assignment did not include Eaton's collateral to the extent necessary to satisfy A & B's indebtedness to Eaton.

Congress' failure in 11 U.S.C. § 303(d) to provide for the filing of an answer by an entity other than the debtor or a general partner in a partnership debtor that did not join in the petition should not be construed to automatically prohibit an assignee for the benefit of creditors from filing an answer. When Congress enacted the Bankruptcy Act of 1938 and removed from this section's predecessor the language "or any creditor" it sought to prevent one creditor

---

1. Rule 203b of the Maryland Rules of Procedure provides that an assignee for the benefit of creditors "... may bring an action in his own name without joining with him the person for whose benefit the action is brought." *See also, Barry v. Hoffman*, 6 Md. 78 (1854).

from obtaining an undue advantage at the expense of other creditors. H.R.Rep.No. 1409, 75th Cong., 1st Sess. 17 (1937). An assignee for the benefit of creditors is not a creditor; rather, he holds the same position as the debtor and represents the debtor's interests. He has no personal interest which he may want to promote at the expense of other creditors. *See Plitt*, 162 A.2d at 765. In the instant case, Smith is the only real party in interest now that the debtor has divested itself of its assets. In *In re Sun World Broadcasters, Inc.*, 5 B.R. 719 (Bkrtcy.M.D.Fla.1980), a state court receiver responded to an involuntary petition with a motion to dismiss. The court, in dicta, agreed the receiver had standing, noting that the receiver was the only real party in interest. *Sun World Broadcasters* at 721. In *Sun World Broadcasters* the petition was filed at the time the state court liquidation was ready to be concluded.

This Court recognizes the line of cases which holds that a receiver or an assignee has no absolute right to file an answer in response to an involuntary petition. *See, e.g., In re National Republic Co.*, 109 F.2d 167 (7th Cir. 1940), *cert. denied*, 309 U.S. 671, 60 S.Ct. 614, 84 L.Ed. 1017 (1940), *reh. denied*, 309 U.S. 698, 60 S.Ct. 721, 84 L.Ed. 1037 (1940); *Globe Paper Co. v. Morris Travis Drug Co.*, 112 F.2d 350 (6th Cir. 1940). In light of an assignee's responsibilities and interests, this Court concludes that absent the filing of an answer by the Debtor, the assignee for the benefit of creditors has standing to file an answer. *See, e.g., Wood v. Natural Soda Products Co.*, 31 F.2d 110 (9th Cir. 1929); *In re Morosco Holding Co., Inc.*, 296 F. 516 (S.D.N.Y.1924).

Even if Smith had no standing to file an answer in this matter, this Court in the exercise of its equitable powers could grant Smith intervention to file an answer. A receiver's right to be heard in a bankruptcy proceeding stems,

"... not from express statutory authorization but rather from the inherent equitable power of the bankruptcy court to grant intervention in a proper exercise of discretion." *In re Hewitt Grocery Co.*, 33 F.Supp. 493, 495 (D.C.Conn.1940).

This inherent power remained in the bankruptcy court even after the enactment of the 1938 Act. *Id.* Smith has filed a motion to intervene in the instant case. This Court notes two principal reasons it ought to permit Smith to intervene. First, in executing the assignment to Smith, A & B divested itself of any interest it had in its assets; therefore, it has little interest in answering the involuntary petition. Second, Smith alleges that Eaton precipitated the assignment for the benefit of creditors in order to have a ground upon which to file an involuntary petition against A & B. Smith alleges that Eaton filed the involuntary petition in order to protect a preferential transfer which the assignee could set aside pursuant to § 15–101(c) of the Commercial Law Article of the *Maryland Code*. He alleges the transfer occurred prior to ninety days before the filing of the petition, so that the bankruptcy trustee would be unable to avoid the preference. If Smith's allegations are correct, Eaton obtained a preference worth $1,250,000.00.

Eaton cites *National Republic* for the proposition that a receiver has no right to contest an involuntary petition. The Court in *National Republic* held:

"Stockholders and state court receivers have never had such absolute right, although it lay within the discretion of the District Court to permit them to intervene upon a proper showing. If that court felt that their participation was unnecessary and would serve no good purpose, it was its duty to deny the intervention." 109 F.2d at 170.

This Court holds that an assignee for the benefit of creditors clearly has greater interest than a state court receiver and should have standing to answer an involuntary petition; however, it is clear that even absent an absolute right to answer, a court should allow an assignee to intervene when it would serve any good purpose. As noted above, such good purpose clearly exists in the instant case.

Eaton also cites *In re Reid-Avery Company*, Case 80–2–1146–L (Bkrtcy.D.Md., filed

Nov. 4, 1980), in which the court concluded an assignee did not have standing to seek a dismissal of an involuntary petition. The court's order in *Reid-Avery* indicates the debtor appeared before the court and contested the involuntary petition. Other courts are in accord and deny a receiver or assignee standing in a case in which a debtor has answered an involuntary petition; however, in the instant case A & B has not answered the involuntary petition.

The Court in *In re Western Auto Associate Store*, 295 F.Supp. 566 (W.D.Va.1968) denied an assignee for the benefit of creditors standing because it was a creditor, and noted that since 1938 creditors have not been allowed to oppose involuntary petitions. *Western Auto* at 570. In *Western Auto*, Western Auto Supply Company (Western) entered into a purchase agreement which the court found was a general assignment for the benefit of creditors with the bankrupt partnership, the Western Auto Associate Store in Waynesboro, Virginia. *Id.* By that assignment, Western, one of the bankrupt's major creditors, received a preference which under Virginia law was invalid. *Id.* at 572. The Court in *Western Auto* faced a factual situation substantially different from that which this Court faces in the instant case. In *Western Auto*, the major creditor sought to file an answer to the involuntary petition in order to protect a preference it received under the assignment. As discussed earlier in this opinion, the House Report on the 1938 revision of § 18(b) of the Act notes a creditor should not be permitted to oppose an adjudication because he may attempt to protect a preference or retain some undue advantage. H.R.Rep.No. 1409, 75th Cong., 1st Sess. 17 (1937). The court in *Western Auto* used those grounds to deny Western the right to file an answer. In the instant case, the assignee seeks to file an answer in order to defeat a preference allegedly obtained by a major creditor of the debtor. The court in *Western Auto* never considered whether Western as an assignee had a right to file an answer. The court faced only the issue of Western's right as a creditor to file an answer. No party alleged Smith is a credi-

tor of A & B, although, because of his status as assignee, it is immaterial whether he is a creditor.

Eaton's contention that pursuant to 11 U.S.C. § 303(h) the Court must order relief in this case despite any answer Smith may file is unpersuasive. The court may order relief if a custodian takes possession of a debtor's property within 120 days before the date of the filing of the petition; however, this section is not mandatory. 124 Cong.Rec. H 11,091 (daily ed. Sept. 28, 1978). Therefore, it is

ORDERED that the motion by Eaton Corporation to strike the answer of James M. Smith, Assignee for the Benefit of Creditors of A & B Liquidating, Inc., for lack of standing, be, and it is hereby DENIED.