**In the Matter of Robert EVANS and Kathleen Evans a/k/a Kathleen Montgomery, Debtors.**

**John A. CASAROW, Jr., Trustee in Bankruptcy for Robert Evans and Kathleen Evans a/k/a Kathleen Montgomery, Plaintiff,**

v.

**Robert EVANS and Kathleen Evans a/k/a Kathleen Montgomery, husband and wife, Jersey Shore Savings & Loan, John Wanamaker, Girard Bank, First Jersey National Bank and The Bank of New Jersey, Defendants.**

**Bankruptcy No. 81–06094.**
**Adv. No. 82–0038.**

United States Bankruptcy Court,
D. New Jersey.

April 26, 1983.

Greenberg, Shmerelson, Weinroth & Etish by Allen A. Etish, Camden, N.J., for debtors.

John A. Casarow, Jr., Bridgeton, N.J., trustee.

WILLIAM LIPKIN, Bankruptcy Judge.

The debtors, Robert and Kathleen Evans, filed a joint petition under Chapter 7 of the Bankruptcy Code on October 13, 1981. Thereafter, John Casarow, Jr. was appointed trustee of the estate. While attending the § 341, first meeting of creditors, the trustee became aware of the husband debtor's pending worker's compensation claim resulting from a pre-petition injury. The trustee filed an adversary proceeding which objected to the exemption of the pending worker's compensation award and claimed that the award was property of the estate.

The worker's compensation award at issue is the result of an injury suffered by the husband debtor when a metal rack fell on him on March 21, 1980 while working at Owens Corning Fiberglass. As a result of his accident the husband was off work and recuperating for 20 months. During this period the husband collected $185.00 per week for 67 weeks for temporary disability. The husband's worker's compensation claim was filed prior to the filing of the Chapter 7 and was not settled until March 19, 1982. At that time the worker's compensation court determined that the debtor had 45% partial-permanent disability and awarded the debtor $29,970.00 payable over 270 weeks, in addition to the temporary disability payments.

The trustee argues that the temporary disability award, that was paid after the filing of the bankruptcy petition, is the same as a receivable due the debtor at the time of bankruptcy, and, therefore, property of the estate. The trustee further argues that the award for the permanent-partial disability is only exempt up to $7,500.00 under § 522(d)(11)(D) as a payment for a bodily injury. The debtors argue that pursuant to § 522(d)(10)(A) & (C), and in the alternative, § 522(d)(11)(E), both the temporary award and the partial-permanent disability award are exempt in the entirety.

The Bankruptcy Code Sections that the parties rely on in support of their respective arguments read as follows:

§ 522(d): The following property may be exempted under subsection (b)(1) of this section:

. . . .

(10) The debtor's right to receive—

(A) a social security benefit, unemployment compensation, or a local public assistance benefit;

. . . .

(C) a disability, illness, or unemployment benefit;

. . . .

(11) The debtor's right to receive, or property that is traceable to—

. . . .

(D) a payment, not to exceed $7,500, on account of personal bodily injury,

not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

(E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonable necessary for the support of the debtor and any dependent of the debtor.

The legislative history of section 522(d) does not specifically state what Congress intended with regard to worker's compensation benefits. Congress used the following language in discussing section 522(d)(10):

Paragraph (10) exempts certain benefits that are akin to future earnings of the debtor. These include social security, unemployment compensation, or public assistance benefits, veterans benefits, disability, illness or unemployment benefits . . . . [underlining added]

In discussing section 522(d)(11), which also refers to a loss of future earnings, the following language is used:

Paragraph (11) allows the debtor to exempt certain compensation for losses. These include crime victim's reparation benefits, wrongful death benefits (with a reasonably necessary for support limitation), life insurance proceeds, . . . compensation for bodily injury, not including pain and suffering, . . . and loss of furture [sic] earnings payments (support limitation). [underlining added] [House Report No. 95–595, 95th Cong., 1st Sess. (1977) 361–62, U.S.Code Cong. & Admin. News 1978, p. 5787, 6318.]

Although both §§ 522(d)(10) and (11) were Congressionally intended to compensate for a loss of future income, Congress must have intended a distinction between them. Worker's compensation awards have been determined to be akin to future earnings and exempt without limit under section 522(d)(10)(C). *In re Fernand J. La-Belle,* 18 B.R. 922, 8 B.C.D. 1199 (Bkrtcy.D. Me.1982). The court in *LaBelle* based its decision on both the legislative history cited above and the nature of worker's compensa-

tion claims. The court concluded that worker's compensation benefits are generally intended only to prevent the individual from becoming destitute, while compensation for loss of future earnings referred to in § 522(d)(11) deals with compensation in the nature of tort liability.

The Bankruptcy Court in *In Re Lambert,* 9 B.R. 799, 7 B.C.D. 508 (Bkrtcy.W.D.Mi. 1981) also decided that worker's compensation awards were exempt, but used an analysis rejected by the court in *LaBelle.* That court held that the part of the award pertaining to accrued disability would be " 'a disability . . . benefit' which the debtor had a right to receive as of the date of the filing of the petition.", and therefore exempt under section 522(d)(10)(C). The balance of the award was found to be "a payment in 'compensation of loss of future earnings' ", and exempt with the support limitations imposed by section 522(d)(11)(E).

The husband, in the present case, was awarded temporary disability for 67 weeks at $185.00 per week. Additionally, he was awarded $29,970.00 for 45% partial-permanent disability. Under New Jersey law, temporary disability awards are made on the basis of 20% to 75% of the average weekly wages earned by the employee. N.J.S.A. 34:15–12(a). Temporary disability benefits represent a partial substitute for loss of current wages. *Electronic Associates Inc. v. Heisinger,* 111 N.J.Super. 15, 19–20, 266 A.2d 601 (App.Div.1970). The temporary disability benefits received by the husband are, therefore, exempt in the entirety under section 522(d)(10)(C) of the Code as disability benefits that are "akin to future earnings" within the meaning set forth in the legislative history.

New Jersey law, however, does distinguish partial-permanent disability payments from both temporary and permanent disability payments. Partial permanent disability payments are viewed as disability payments as well as a substitution for future earnings. *Katz v. Township of Howell,* 67 N.J. 51, 63, 335 A.2d 14 (1975). The New Jersey Supreme Court has stated:

Partial permanent disability is awarded when a condition arises which can be described as "a definite fault akin to traumatic injury," regardless of continuing capacity to work. Id. at 64, 335 A.2d 14.

Compensation for partial permanent disability under N.J.S.A. 34:15–12, 22 is satisfied by a "... personal injury which detracts from the former efficiency of the workman's body or its members in the ordinary pursuits of life." Id. at 63, 335 A.2d 14. *Bello v. Commissioner,* 106 N.J.Super. 405, 256 A.2d 63 (App.Div.1969), rev'd on other grounds 56 N.J. 41, 264 A.2d 222 (1970). This definition clearly comes within the meaning of a "disability" benefit under section 522(d)(10)(C) and within the legislative history to this section, which indicates an exemption for "benefits that are akin to future earnings of the debtor." [underlining added]

The statute awarding compensation for partial-permanent disability specifically refers to a "disability partial in character and permanent in quality." N.J.S.A. 34:15–12(c). The difference in legal definition between temporary and permanent partial disability benefits, under state law, does not require a different exemption treatment under the Bankruptcy Code; both awards come within the definition in § 522(d)(10)(C). In addition, New Jersey law exempts all worker's compensation awards, including temporary and partial-permanent, from all claims of creditors and from levy, execution or attachment. N.J.S.A. 34:15–29. The same exemption from execution on funds realized from a "tort" recovery does not exist under New Jersey statutes. Although this exemption is not binding on this court for purposes of applying federal bankruptcy law, it is certainly indicative of the purpose of these payments to provide compensation for workers' disabilities.

The trustee's argument, that these partial-permanent disability payments are only exempt in the amount of $7500.00 under section 522(d)(11)(D) as a payment for a bodily injury, must fail. Section 522(d)(11)(D) has been interpreted to apply only to compensation in the nature of tort liability. *In Re LaBelle,* supra, 18 B.R. 922, 8 B.C.D. 1199.

The entire tenor of § 522(d)(11) relates to tort compensation, i.e. crime victim's reparation, life insurance payments, bodily injury and loss of future earnings. Payments for loss of future earnings do not occur solely in the context of worker's compensation. See N.J.S.A. 39:6A–4(b), where there is compulsory insurance for lost future income as a result of a disability from an automobile accident. Therefore, section 522(d)(11) is most reasonably interpreted as applying to general tort-related awards, and not worker's compensation awards. Worker's compensation was legislatively defined outside the area of general tort law. This distinction logically appears to have been continued by Congress in specifying exemptions under the Bankruptcy Code.

Thus, the worker's compensation awards to the husband debtor, for temporary disability and permanent-partial disability, are exempt under Section 522(d)(10)(C) of the Code in their entirety. This section does not limit the exemption to an amount necessary for the debtor's support. Submit an order accordingly.