**In the Matter of ZOOMAIRE, INC., Debtor.**

**In the Matter of SKYWAYS, INC., Debtor.**

**Bankruptcy Nos. 3–84–01899, 3–84–01900.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Feb. 27, 1985.

John T. Ducker, Horace Baggott, Jr., Dayton, Ohio, for involuntary petitioners.

James M. Wiles and Thomas J. Keener, Wiles, Doucher, Van Buren, Boyle & Casey, Columbus, Ohio, for creditor Piper Aircraft.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

On February 5, 1985, this Court heard the Amicus Curiae Motions to dismiss the involuntary petitions filed against Skyways, Inc. and Zoomaire, Inc. These Amicus Curiae Motions were filed on October 1, 1984, by Piper Aircraft Corporation.

Skyways was incorporated as an Ohio corporation on February 5, 1946, with a principal place of business in Dayton, Ohio. It was a wholesale distributor of airplanes and airplane parts manufactured by Piper Aircraft. Zoomaire was incorporated as an Ohio corporation on October 6, 1965, with a principal place of business in Vandalia, Ohio. It also was a wholesale distributor of airplanes and airplane parts manufactured by Piper. (The controlling interest in both Skyways and Zoomaire was owned by the same person.)

On March 14, 1977, a Piper Aztec airplane crashed near Fife, Scotland, causing personal injury to the plane's captain and killing the three passengers.

Skyways' Articles of Incorporation were canceled by the office of Ohio's Secretary of State on August 15, 1977, for failure to file and pay franchise taxes. Likewise, Zoomaire's Articles were canceled on November 30, 1979.

The captain and three passengers' estates filed suit in the U.S. District Court for the Middle District of Pennsylvania against Piper Aircraft Corporation alleging personal injury claims, survivorship claims and wrongful death. Piper's Motion for Summary Judgment therein was granted on April 10, 1979, because the filing was made after Pennsylvania's one-year statute of limitations had run on the wrongful death claims. The remaining survivorship and personal injury claims were voluntarily dismissed on June 1, 1979.

On March 13, 1979, the same plaintiffs filed similar claims in the Montgomery County [Ohio] Court of Common Pleas. On January 14, 1980, Piper was dismissed as a party defendant because of lack of subject

matter jurisdiction. On August 2, 1983, these plaintiffs were awarded a judgment for damages totalling $4.2 million. (This judgment entry was amended by an Order dated May 7, 1984.) The plaintiffs on November 17, 1983, filed a First Amended Complaint against Piper, basically seeking indemnity on the judgment.

On September 5, 1984, these same plaintiffs filed involuntary Chapter 7 petitions in this Court against both Zoomaire and Skyways. Piper's Amicus Curiae Motions and Briefs in support of Dismissal and/or Abstention were filed herein on October 1, 1984. Response briefs were filed on November 27, 1984; reply briefs were filed on January 4, 1985. No answers to the involuntary petitions were filed. The Court heard the matters on February 5, 1985.

Although not consolidated in one petition, both petitions contain identical issues based on identical facts, hence the Court considers both involuntary petitions herein.

### DECISION

In these cases, no answers have been filed. Accordingly, the petitions should ordinarily be granted summarily by default and relief should be ordered.

■ Under § 303(d) of the Bankruptcy Code, only a debtor, or a partner in a partnership debtor, may file an answer to an involuntary bankruptcy petition. *In re Earl's Tire Service, Inc.,* 6 B.R. 1019, 1021, 6 B.C.D. 1205, 3 C.B.C.2d 205 (D.Del.1980); *In re Belize Airways, Ltd.,* 18 B.R. 485, 488, 8 B.C.D. 1177 (Bankr.S.D.Fla.1982). (This rule has been eased to allow answers by persons holding the same position and representing the same interests as the debtor, such as an assignee for the benefit of creditors in *In re A & B Liquidating, Inc.,* 18 B.R. 922, 8 B.C.D. 1199, B.L.D. ¶ 68,866, 6 C.B.C.2d 342 (Bankr.E.D.Va. 1982) and a state court receiver in *In re Sun World Broadcasters, Inc.,* 5 B.R. 719, 6 B.C.D. 884, B.L.D. ¶ 67,582, 2 C.B.C.2d 899 (Bankr.M.D.Fla.1980).)

■ Piper's self-styled *"Amicus Curiae"* Motion to Dismiss and/or Abstain can-

not be construed as an answer. "An amicus curiae is not a party and cannot assume the functions of a party, an attorney for a party, or even a partisan.... An amicus curiae ordinarily has no power to move the dismissal of a cause, for by so doing, he assumes to act as attorney for the defendants, and not as a friend of the court." 4 Am.Jur.2d *Amicus Curiae,* § 3 at p. 111 and § 5 at p. 113. Further, Piper does not stand in the same position as Skyways and Zoomaire, and thus could not fit into the *A & B Liquidating* exception, noted above.

However, the Court feels that certain issues were raised in the amicus briefs which properly must be here addressed.

Piper therein generally alleges that 1) Skyways and Zoomaire are not "persons" within the meaning of the Bankruptcy Code (since their Articles had been canceled) and as non-persons are not amenable to have involuntary petitions filed against them; 2) that Skyways and Zoomaire have not yet failed to pay their debts as those debts become due and 3) that abstention is mandated.

■ As to the first argument, Piper states in its amicus curiae brief, "Although there are various cases which can be found indicating that a corporation after dissolution and after disenfranchisement by the state may still file, or have filed against it, a Petition in Bankruptcy, essentially in all of those cases the activity which gave rise to the claim occurred during winding up operations of the corporation or during continued business activity after dissolution."

In the response brief, the involuntary petitioners, in a classic string cite, list more than two pages of the "various cases" Piper alludes to which can be found allowing such involuntary petitions. These cites include authority from the Court of Appeals for the Sixth Circuit, e.g. *In re Thomas,* 78 F.2d 602 (6th Cir.1935), which are controlling on this Court, as contrasted with the decision of the Court of Appeals for the Seventh Circuit, *In re Midwest Athletic Club,* 161 F.2d 1005 (7th Cir.1947), relied on by Piper.

The Court further notes that the underlying cause of action giving rise to the judgment occurred before Skyways and Zoomaire were dissolved. Piper knew of this cause of action and was an active party in both lawsuits, even after Skyways and Zoomaire were dissolved.

 Turning to the second argument, according to the Montgomery County Court of Common Pleas Judgment Entry, Zoomaire and Skyways have seven creditors who are owed $4.2 million. Given that Zoomaire and Skyways apparently may have no assets, other than the indemnification claims against Piper, this Court finds that debtors have failed to pay their debts as those debts became due. The Court cannot accept Piper's analogy that since all the instant creditors base their claims on a single judgment, the situation is similar to those cases involving just one creditor. The seven creditors herein, although having received one Judgment Entry, received their judgments based upon varying causes of action on four claims. Thus, there is evident the multiplicity of creditors and claims needing bankruptcy relief.

Lastly, Piper argues that this Court should abstain, alleging that it is in the best interests of the creditors and debtors to do so. The Court is satisfied that although abstention may be in the best interests of Piper, Piper did not show how it would be in the best interests of justice, the debtors and the creditors to abstain.

A Trustee in bankruptcy will serve a necessary and vital purpose in behalf of the Debtors' estates in light of obvious nonfeasance, which in itself mandates an order for relief. Although the limitations on bankruptcy court jurisdiction pose procedural impediments to a trustee because of the "state law" causes of action which may be asserted by a trustee, such does not lie, *ipso facto*, within the abstention doctrine of 11 U.S.C. § 305 inasmuch as the interests of creditors and the debtors can only be maturely ascertained after an order for relief and trustee appointment. Under such circumstances, the unfortunate litigation expenses flowing from circumscribed bankruptcy court jurisdiction is a *sine qua non*. The attorneys for the interested parties must play the game as enacted by the Congress; however, the jurisdiction of the only forum in which to obtain the unique services of a trustee in bankruptcy has been properly invoked.

In light of the above decision, the Court need not now address the several other issues raised in the briefs.

IT IS HEREBY ORDERED that relief under chapter 7 of title 11 of the United States Code is granted against both Skyways, Inc. and Zoomaire, Inc.