**In re Brian Ray BUCHHOLZ, d/b/a Buchholz Bros., Debtor.**

**Bankruptcy No. X91–02345S.**

United States Bankruptcy Court,
N.D. Iowa, W.D.

May 28, 1992.

Donald H. Molstad, Sioux City, Iowa, for debtor.

Wil L. Forker, Sioux City, Iowa, Trustee.

## MEMORANDUM OF DECISION AND ORDER RE: TRUSTEE'S OBJECTION TO EXEMPTION

WILLIAM L. EDMONDS, Bankruptcy Judge.

Trustee, Wil L. Forker, objects to the debtor's claim of exemption in the proceeds of a personal injury lawsuit. Hearing on the objection was held on April 14, 1992 in Sioux City. The court now issues its memorandum of decision and order.

### FINDINGS OF FACT

Brian R. Buchholz (DEBTOR or BUCHHOLZ) filed his individual chapter 7 petition on December 26, 1991. At the time of

filing, William Hamilton, an attorney for the debtor, was holding in trust $3,000.00 from Buchholz's settlement of a personal injury lawsuit brought against the estate of Arthur Schrader. The suit arose out of a 1988 automobile accident in which Buchholz was injured. He suffered whiplash and back injury. He also began to experience regular headaches. Most, but not all, of his medical bills have been paid by his auto and health insurance carriers. He was paid for the damage to his automobile by Schrader's insurance company.

Buchholz sued Schrader's estate in Iowa District Court for Buena Vista County. The case was settled for $5,500.00 from which Buchholz's attorney received a one-third contingency fee and reimbursement of his costs. The $3,000.00 being held by attorney Hamilton may be security for Buchholz's debt to Commercial Trust & Savings Bank of Storm Lake. The trustee has filed an adversary proceeding to determine the validity or enforceability of the bank's security interest.

Buchholz was farming at the time of the accident; he lost no wages or profits because of the accident. When the personal injury suit was settled, no determination was made as to how much of the settlement monies were attributable to past medical bills and pain and suffering in contrast with anticipated medical bills and future pain and suffering. Buchholz still suffers from headaches. A neurologist with whom he consulted recommended surgery, but Buchholz declines to have it.

## DISCUSSION

Debtor claims the settlement monies exempt as a "disability benefit" under Iowa Code § 627.6(8)(c). This Code section was enacted in 1981. The parties have not cited any cases that interpret it. Furthermore, there is no legislative history on which to rely. However, the language of the subsection is nearly the same as that found in § 522(d)(10)(C) of the Bankruptcy Code (Title 11) which exempts a "debtor's right to receive— ... a disability, illness, or unemployment benefit...." The exemptions available in bankruptcy were delineated in

1978 as part of the Bankruptcy Reform Act. Pub.L. No. 95–598, 92 Stat. 2549 (codified as amended at 11 U.S.C. § 101–1330 (1988). The Bankruptcy Code was available to the Iowa legislature, and it appears that the legislature modeled portions of the Iowa exemption statute on § 522(d). This is apparent when one compares § 627.6(8) to 11 U.S.C. § 522(d)(10). A comparison of the federal and state exemption schemes may thus prove helpful in construing what property rights were intended to be included in the Iowa legislature's use of the term "disability benefit."

In addition to providing an exemption for disability benefits under § 522(d)(10)(C), Congress established a bankruptcy exemption for a debtor's right to receive, or property traceable to, a payment "on account of personal bodily injury." 11 U.S.C. § 522(d)(11)(D). The exemption is limited to $7,500.00 and does not include pain and suffering or compensation for actual pecuniary loss. *Id.* In § 522(d)(11)(E), Congress also provided an exemption for "a payment in compensation of loss of future earnings of the debtor...." The Iowa legislature did not adopt either of these portions of the federal scheme when it revised Iowa exemptions.

It might be argued that because they are covered in separate sections, payments exempt under § 522(d)(11)(D) ("on account of personal bodily injury") would not also be included under § 522(d)(10)(C) (disability benefits, etc.). It has been observed, however, that there is a difficulty in determining exactly what payments on account of personal injury are included under § 522(d)(11)(D). *Matter of Lynn*, 13 B.R. 361, 362 (Bankr.W.D.Wis.1981). *Lynn* points out that the section's legislative history "excludes all of the types of losses that generally make up a personal injury award" and for that reason, in construing the section, the legislative history cannot be taken seriously. *Id.* In describing these types of losses, the court cites Dobbs, *Remedies* § 8.1 at 540 (1973). Dobbs describes three basic kinds of losses arising in personal injury cases—(1) time losses (lost wages and lost earning capacity); (2)

the expenses incurred by reason of the injury (medical expenses and "kindred items"); and (3) "pain and suffering in its various forms." *Id.*

The legislative history of § 522(d)(11)(D) is brief. It states:

Paragraph (11) allows the debtor to exempt certain compensation for losses. These include ... compensation for bodily injury, not including pain and suffering ($10,000 limitation), and loss of future earnings payments (support limitation). This provision in subparagraph (D)(11) is designed to cover payments in compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or loss of earnings. Those items are handled separately by the bill.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 361–362 (1977) U.S.Code Cong. & Admin.News pp. 5787, 6318.

I do not agree with the proposition that the exclusion of pain and suffering and pecuniary loss leaves no other type of compensation arising out of bodily injury that one could exempt under § 522(d)(11)(D). In Iowa,[1] losses on account of personal injury include but are not limited to those described by Dobbs. In Iowa, damages for personal injury also include losses "for disability of mind and body, impairment of physical functions, and deprivation of mental powers." *Schnebly v. Baker,* 217 N.W.2d 708, 726 (Iowa 1974). These would be items of general, nonpecuniary losses. *See* 22 Am.Jur.2d Damages § 41 (1988). These types of losses would be the type of losses described in § 522(d)(11)(D).

According to the legislative history, other losses attending the injury, such as medical bills, pain and suffering, and lost earnings are handled separately. This comment is important because Congress might have intended some of these losses to be covered under § 522(d)(10)(C). This would not be so with future earnings be-

cause damage awards to compensate for loss of future earnings are covered under § 522(d)(11)(E). However, past earnings losses are not.

If Buchholz's case involved an exemption issue arising under § 522(d)(10)(C), the court would have to decide whether lost earnings, past and future medical expenses, and past and future pain and suffering were intended by Congress as elements of the exemption allowed for a disability benefit. The legislative history says such damages are "handled separately by the bill", but where? There is nothing in § 522(d) which specifically exempts accrued wages, pain and suffering from bodily injury or recovery of medical expenses resulting from bodily injury.

Despite the fact that the legislative history indicates that Congress intended to "handle" these items of loss elsewhere, I do not believe that Congress intended to cover them under § 522(d)(10)(C). Nor do I think that the Iowa legislature intended to exempt these items under § 627.6(8)(c). The language of these sections does not lend itself to such an interpretation.

The lawmakers' use of the term "disability benefit" does not call to mind thoughts of a tort recovery. "Benefit" has been defined as "[p]ayments made or entitlements available in accord with a wage agreement, insurance contract, or public assistance program." *Webster's II New Riverside University Dictionary* 166 (1984), and as "a payment or other assistance given by an insurance company, mutual benefit society, or public agency." *The Random House Dictionary of the English Language, The Unabridged Edition* 138 (1983). *Black's Law Dictionary* defines "benefit" as "financial assistance received in time of sickness, disability, unemployment, etc. either from insurance or public programs such as social security." *Black's Law Dictionary* 143 (5th Edition, 1979). One treatise states that "[t]he apparent design of [§ 522(d)(10)(C)] is to exempt temporary *contractual* benefits." Norton,

---

**1.** Iowa tort law is relevant because allowable damages help to define the property right which becomes an asset of the bankruptcy estate and

from which estate the exemption is claimed. *In re N.S. Garrott & Sons,* 772 F.2d 462, 466 (8th Cir.1985) *reh'g en banc denied* (1985).

*Bankruptcy Law & Practice* § 26.21 (1991) (emphasis added). The use of the term "benefit" seems to limit the exemption to contractual entitlements, not tort recoveries.

I conclude that § 627.6(8)(c) of the Iowa Code does not exempt tort recoveries for bodily injury. Accordingly,

IT IS ORDERED that the trustee's objection to the debtor's claim of exemption is sustained. Judgement shall enter accordingly.

SO ORDERED.