**In re: Katherine HAYNES, Debtor.**

**Bankruptcy No. 92–50410.**

United States Bankruptcy Court,
S.D. Illinois.

Oct. 26, 1992.

Steven Mottaz, Alton, Ill., Trustee and for trustee.

Andrew Miofsky, Granite City, Ill., for debtor.

## OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

In this chapter 7 proceeding, debtor has listed as exempt a personal injury claim in the amount of $7,500.00. Debtor has also scheduled as exempt a disability claim for "100%." Both the personal injury claim and the disability claim arise out of a state court complaint filed by debtor for injuries she sustained in an automobile accident. According to debtor's schedules, the complaint is still pending in state court.

Illinois law allows a debtor to claim as exempt "a payment, *not to exceed $7,500 in value,* on account of personal bodily injury of the debtor...." Ill.Rev.Stat. ch. 110, ¶ 12–1001(h)(4) (emphasis added).[1] While the exemption for personal injuries is thus limited to $7,500.00, Illinois also provides an *unlimited* exemption for "a disability, illness, or unemployment benefit...." Ill.Rev.Stat. ch. 110, ¶ 12–1001(g)(3).[2]

1. In its entirety, paragraph 12–1001(h) provides that the following property is exempt:

(h) The debtor's right to receive, or property that is traceable to:
(1) an award under a crime victim's reparation law;
(2) a payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor;
(3) a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor or a dependent of the debtor; and

(4) a payment, not to exceed $7,500 in value, on account of personal bodily injury of the debtor or an individual of whom the debtor was a dependent.
(5) any restitution payments made to persons pursuant to the federal Civil Liberties Act of 1988 and the Aleutian and Pribilof Island Restitution Act.

2. In its entirety, paragraph 12–1001(g)(3) provides that the following property is exempt:

(g) The debtor's right to receive:
(1) a social security benefit, unemployment compensation, or public assistance benefit;
(2) a veteran's benefit;

In the pending state court action, debtor contends that she has suffered a "permanent disabling injury" to her spinal column as a result of the automobile accident. It is debtor's position that the dollar amount attributable to her "disability"[3] is entirely exempt as a "disability benefit" under Illinois law. The trustee contends that that amount constitutes just one element of damages in what is clearly a tort claim, and as such, is subject to the $7,500.00 limitation set forth in paragraph 12–1001(h)(4).

The question this Court must decide, therefore, is whether debtor is entitled to exempt part of her damages (that amount attributable to her "disability") under the Illinois exemption statute for "disability, illness, or unemployment benefit[s]." Ill. Rev.Stat. ch. 110, ¶ 12–1001(g)(3). The parties have not cited, and the Court was unable to find, any cases addressing this issue. However, 11 U.S.C. § 522(d), the statute governing federal exemptions, contains provisions similar to those found in the Illinois exemption statute. Thus, while debtor's exemptions must ultimately be determined in accordance with Illinois law, a review of those cases discussing and interpreting the federal exemption scheme is helpful in resolving the issue now before the Court.

Section 522(d)(11)(D) provides that a debtor may exempt "a payment, not to exceed $7,500, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss...." 11 U.S.C. § 522(d)(11)(D).[4] Section 522(d)(10)(C) contains language identical to Ill.Rev.Stat. ch. 110, ¶ 12–1001(g)(3), and provides that a debtor may exempt "a disability, illness, or unemployment benefit." 11 U.S.C. § 522(d)(10)(C). The legislative history to sections 522(d)(10) and (11) provides:

Paragraph (10) exempts certain benefits that are *akin to future earnings* of the debtor. These include social security, unemployment compensation, or public assistance benefits, veterans benefits, disability, illness or unemployment *benefits....*

Paragraph (11) allows the debtor to exempt certain *compensation for losses*. These include crime victim's reparation benefits, wrongful death benefits (with a reasonably necessary for support limitation), life insurance proceeds ... *compensation* for bodily injury, not including pain and suffering ... and loss of future earnings payments (support limitation).

H.R. 595, 95th Cong., 1st Sess. 361–62 (1977) U.S.Code Cong. & Admin.News 1978, pp. 5787, 6316–6318 (emphasis added).

Two cases discussing the relationship between sections 522(d)(10) and (11) are *Matter of Evans*, 29 B.R. 336 (Bankr.D.N.J. 1983) and *In re LaBelle*, 18 B.R. 169 (Bankr.D.Me.1982). Both cases involved the question of whether debtors may exempt worker's compensation awards as a "disability, illness, or unemployment benefit" under section 522(d)(10)(C). In each case, the court held that worker's compensation benefits are akin to future earnings and exempt without limit under section 522(d)(10)(C). *See Matter of Evans*, 29 B.R. at 339; *In re LaBelle*, 18 B.R. at 171. While the instant case does not involve worker's compensation payments, the discussion and analysis of sections 522(d)(10) and (11) in *Evans* and *LaBelle* is relevant.

The court in *Evans* first noted that "[a]lthough both [sections] 522(d)(10) and (11) were Congressionally intended to compensate for a loss of future income, Congress must have intended a distinction between them." *Matter of Evans*, 29 B.R. at 337.

---

(3) a disability, illness, or unemployment benefit;

(4) alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

3. According to debtor, Illinois requires verdict forms that itemize the various elements of damages, such as pain and suffering, lost wages, medical costs, and disfigurement and disability.

4. Unlike the Illinois statute, section 522(d)(11)(D) excludes from exemption amounts awarded for pain and suffering and for actual pecuniary loss. Also, section 522(d) provides an exemption for "a payment in compensation of loss of future earnings of the debtor...." 11 U.S.C. § 522(d)(11)(E). The Illinois exemption statute has no similar provision specifically exempting compensation for "loss of future earnings."

The court then concluded, "The entire tenor of § 522(d)(11) relates to tort compensation, i.e., crime victim's reparation, life insurance payments, *bodily injury* and loss of future earnings.... Therefore, section 522(d)(11) is most reasonably interpreted as applying to general tort-related awards...." *Id.* at 339 (emphasis added). Similarly, the court in *LaBelle* explained:

> [P]aragraphs (11)(D) and (E) deal with recoveries for losses, which in some instances could amount to hundreds of thousands of dollars and greatly exceed an amount reasonably necessary for the support of the debtor and his dependents; paragraph (10)(C) exempts certain benefits that are strictly "akin to future earnings of the debtor."

*In re LaBelle,* 18 B.R. at 170.

*In re Buchholz,* 144 B.R. 443 (Bankr. W.D.Iowa 1992) further supports the conclusion reached by the courts in *Evans* and *LaBelle.* In *Buchholz,* the debtor had received $3,000.00 in settlement of a personal injury suit.[5] Debtor claimed the settlement monies exempt as a "disability benefit" under Iowa law, and the trustee objected. After reviewing the legislative history of sections 522(d)(10) and (11) (there were no cases interpreting the Iowa law nor any legislative history on which to rely), the court concluded:

> The lawmakers' use of the term "disability benefit" does not call to mind thoughts of a tort recovery. "Benefit" has been defined as "payments made or entitlements available in accord with a wage agreement, insurance contract, or public assistance program" ... and as "a payment or other assistance given by an insurance company, mutual benefit society, or public agency." Black's Law Dic-

tionary defines "benefit" as "financial assistance received in time of sickness, disability, unemployment, etc. either from insurance or public programs such as social security...." The use of the term "benefit" seems to limit the exemption to contractual entitlements, not tort recoveries.

*Id.* at 445. The court sustained the trustee's objection, holding that the Iowa statute exempting disability benefits "does not exempt tort recoveries for bodily injury." *Id.*

■ The Court agrees with the reasoning set forth in *Evans, LaBelle* and *Buchholz.*[6] There is an obvious distinction between paragraphs 12–1001(g) and 12–1001(h) of the Illinois exemption statute. Paragraph (g), like section 522(d)(10) of the Bankruptcy Code, exempts payments that are akin to future earnings. Paragraph (h), like section 522(d)(11), provides separate and distinct exemptions for payments that are intended to compensate for losses. The statutory scheme suggests that paragraph 12–1001(g)(3), which exempts "disability, illness, or unemployment benefits," was not intended to exempt tort recoveries for bodily injury.[7] The damages, if any, recovered by debtor in the instant case are clearly "on account of personal bodily injury." As such, debtor's exemption is limited to $7,500.00 pursuant to Ill.Rev.Stat. ch. 110, ¶ 12–1001(h)(4).

Accordingly, for the reasons stated, the trustee's objection to exemption, filed July 2, 1992, is SUSTAINED.

---

5. At the time the suit was settled, no determination was made as to how much of the settlement proceeds were attributable to past medical bills and pain and suffering, in contrast with anticipated medical bills and future pain and suffering. *In re Buchholz* at 444.

6. The Court makes no determination with respect to the central issue in *Evans* and *LaBelle,* i.e., whether worker's compensation payments are more properly characterized as disability benefits or payments received "on account of personal bodily injury." That issue is not before the Court in the instant case.

7. In addition, there are strong policy reasons for not adopting debtor's position. Allowing debtor a 100% exemption for that portion of the damages attributable to her "disability" would encourage parties, in the future, to structure their settlement agreements so that all or most of the damages are termed "disability payments." This would clearly frustrate the purpose of Ill.Rev.Stat. ch. 110, ¶ 12–1001(h)(4), which limits exemptions on payments received for personal bodily injuries to $7,500.00.