**In re William J. WEGRZYN, Debtor.**

**No. 02–41807–HJB.**

United States Bankruptcy Court,
D. Massachusetts.

March 28, 2003.

Joseph B. Collins, Esq., Hendel & Collins, P.C., Springfield, MA, for debtor.

David W. Ostrander, Esq., Ostrander Law Office, Northampton, MA, Chapter 7 Trustee.

*MEMORANDUM OF DECISION*

HENRY J. BOROFF, Bankruptcy Judge.

Before the Court is an "Objection to Debtor's Amended Exemptions" (the "Objection") filed by the Chapter 7 trustee (the "Trustee"). The debtor, William J. Wegrzyn (the "Debtor"), has filed a response (the "Response"). At issue is whether monthly proceeds paid to the Debtor from a privately purchased disability insurance contract are wholly exempt as a "disability benefit" pursuant to 11 U.S.C. § 522(d)(10)(C) or partially exempt as a "payment under a plan or contract on account of disability" under § 522(d)(10)(E). For the reasons set forth below, the Court SUSTAINS the Trustee's Objection in so far as it holds that § 522(d)(10)(C) is inapplicable and that income streams from a privately purchased disability insurance contract are exempt only to the extent reasonably necessary for the support of a debtor and his or her dependents pursuant to § 522(d)(10)(E).

## I. FACTS AND POSITIONS OF THE PARTIES

The Debtor is retired from practice in dentistry and suffers from disabling health problems related to an advancing disease. On March 25, 2002, the Debtor filed a voluntary petition for relief in this Court under Chapter 7 of the Bankruptcy Code. According to the Debtor's schedules, his sole source of income derives from monthly distributions of disability related benefits. He collects monthly payments from two private disability insurance policies with the Metropolitan Life Insurance Company and UnumProvident Corporation, respectively. The monthly distributions from those policies total $6,916 (the "Insurance Proceeds"). The Debtor also

collects $1,477 monthly in Social Security Disability Payments (the "SSD payments"), for a total monthly income of $8,393. Having elected the federal exemptions pursuant to § 522(b)(1), the Debtor listed in his amended Schedule C the two privately purchased disability insurance policies as wholly exempt under both §§ 522(d)(10)(C) and 522(d)(10)(E).[1]

Aside from the Insurance Proceeds and SSD payments, the Debtor also owns a two family house in Chicopee, Massachusetts (the "Property"). According to the Trustee, the Debtor does not reside there, although he makes monthly mortgage payments of $1,800 on the Property. (Hearing Tr. at 4.) The two units on the Property are occupied by the Debtor's godmother and the Debtor's son, respectively, rent free. *Id.* Were rent to be collected on those two units, the Trustee estimates that the Debtor would have the benefit of a minimum of $1,000 in additional monthly income. *Id.*

Although the Trustee does not generally object to the Debtor's exemption of some portion of the Insurance Proceeds, he contends that § 522(d)(10)(C) does not apply.

That subsection exempts a debtor's right to receive "a disability, illness, or unemployment benefit," with no limitation as to its amount. 11 U.S.C. § 522(d)(10)(C). The Trustee maintains that § 522(d)(10)(C) applies not to privately purchased disability insurance proceeds, but to government benefits and short-term, temporary employment related disability benefits.[2] Privately funded or long-term disability benefits, on the other hand, are exempt as a "payment under a . . . plan or contract on account of . . . disability" pursuant to § 522(d)(10)(E) and, therefore, may be exempted only to an amount "reasonably necessary for the support of the [D]ebtor and his dependents." 11 U.S.C. § 522(d)(10)(E).

The Trustee cites to *Sheehan v. Lincoln Nat'l Life Ins. Co. (In re Morehead)*, 283 F.3d 199 (4th Cir.2002), as support for his position and suggests that the *Morehead* analysis also leads to the more equitable result. In *Morehead*, the 4th Circuit Court of Appeals reasoned that benefits such as social security and welfare are inherently limited in amount and can thus be assumed to be no more than reasonably necessary for a debtor's support. *Id.* at

---

1. 11 U.S.C. § 522(d)(10) provides:

    The following may be exempted under subsection (b)(1) of this section:

    The debtor's right to receive-

    (A) a social security benefit, unemployment compensation, or a local public assistance benefit;

    (B) a veteran's benefit;

    (C) a disability, illness, or unemployment benefit;

    (D) alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

    (E) a payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of debtor, unless-

    (i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;

    (ii) such payment is on account of age or length of service, and

    (iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

2. For instance, the Trustee does not object to the Debtor's exemption of the entire amount of $1,477 received from the SSD payments, "as this type of disability payment . . . is that which Congress intended to exempt under § 522(d)(10)(C)." (Trustee's Mem. of Obj. at 6.)

206. Under this logic, it follows that Congress saw no need to add language expressly limiting the amount of those exemptions. On the other hand, Congress added express limitation language in subsections relating to other benefits which were not inherently limited in amount. *Id.*

The Trustee claims that the Insurance Proceeds fall under a category of benefits that are not inherently limited in amount and, consequently, are subject to the limiting provisions of the exemption statute. He points to the fact that the Debtor's annual income from both the SSD Payments and the Insurance Proceeds exceed $100,000, tax free. Further, the Debtor has no dependents (other than possibly his former spouse) and may obtain additional income from collection of rent on the residential property in which the Debtor does not reside. Accordingly, the Trustee claims that, notwithstanding the Debtor's considerable health problems, the $6,916 in monthly disability insurance payments, when combined with his other sources of income, may still exceed the amount reasonably necessary for his support and the support of any dependent. The Trustee requests an evidentiary hearing to determine the appropriate amount to be exempted under § 522(d)(10)(E).

In his Response, the Debtor maintains that the Insurance Proceeds are fully exempt under § 522(d)(10)(C) and that the income streams from the Debtor's private disability insurance policies fall squarely within the plain meaning of that statute as a "disability benefit." The Debtor first dismisses the *Morehead* decision as illogical and founded on little or poorly selected precedent. He then describes each of §§ 522(d)(10)(C) and 522(d)(10)(E), and essentially concludes that, under the plain meaning of the term "disability benefit" under § 522(d)(10)(C), "*all* disability benefits, illness benefits, and unemployment benefits are exempt in full. There is no qualification in these exemptions and the language is not ambiguous." (Debtor's Resp. at 9.) Essentially, the Debtor's argument is circular. He claims the Insurance Proceeds are "disability benefits" and not "payments under a contract on account of disability" because it is a "disability benefit." No meaningful distinction between § 522(d)(10)(C) and § 522(d)(10)(E) is provided.

## II. DISCUSSION

The issue in this case presents a question of first impression in this district. Indeed, only a handful of courts have specifically addressed the question of whether private disability insurance benefits are exempt under § 522(d)(10)(C) or § 522(d)(10)(E). *See In re Morehead*, 283 F.3d 199; *In re Bari*, 43 B.R. 253 (Bankr. D.Minn.1984); *Sanders v. Sanders*, 711 A.2d 124 (Maine 1998).

At the outset, this Court finds the Debtor's proffered interpretation of the interplay between §§ 522(d)(10)(C) and (E) unconvincing. The Debtor's argument fails to address the key question in controversy in this case, namely what, in specific and concrete terms, differentiates a "disability benefit" under § 522(d)(10)(C) from a "payment under a contract on account of disability" under § 522(d)(10)(E). A cogent distinction between these two terms must be delineated so that the Court may reach a principled decision as to whether private disability insurance benefits are fully exempt under the former or only partially exempt under the latter. Furthermore, taking the Debtor's argument to its logical conclusion would lead to the inference that subsection (E)'s "similar plan or contract . . . on account of disability" language is redundant, as subsection (C)'s broad language encompasses all types of disability "benefits." Yet, this

conclusion would directly conflict with the basic principle that statutes should be read to avoid interpretations rendering statutory terms a surplusage. *In re Rousey,* 275 B.R. 307, 316 (Bankr.W.D.Ark.2002).

The Debtor's struggle in articulating a meaningful and consistent method of differentiating between benefits falling under § 522(d)(10)(C) from those falling under § 522(d)(10)(E) is understandable, given the exemption statute's cryptic and seemingly overlapping and contradictory language. Courts attempting to categorize exemptions under the different provisions of § 522(d)(10) have struggled to find guidance in navigating its language. Indeed, one Court has stated that "[p]arsing exemption claims concerning ... disability payments is like hacking one's way through a thicket." *Sheehan v. Lincoln Nat'l Life Ins. Co. (In re Morehead),* 257 B.R. 449, 454 (N.D.W.Va.2001) (quoting *In re de Kleinman,* 172 B.R. 764, 776 (Bankr. S.D.N.Y.1994)); *see also In re Dale,* 252 B.R. 430, 435 (Bankr.W.D.Mich.2000) rev'd on other grounds, *In re Dale,* 43 Fed. Appx. 911 (6th Cir.2002). This Court agrees with that categorization.

Section 522(d)(10)'s legislative history adds to the confusion by failing to distinguish between the specific types of property deemed to be fully or partially exempted by the section. The comment to § 522(d)(10) lumps "benefits" and "payments" under a general umbrella definition of "benefit." More importantly, the comments to the section refer to both subsections (C) and (E) as exemptions of disability related "benefits:"

Paragraph (10) exempts certain *benefits* that are akin to future earnings of the debtor. These include social security, unemployment compensation, or public assistance benefits, veteran's benefits, *disability,* illness, or unemployment *benefits,* alimony, support, or separate maintenance (but only to the extent reasonably necessary for the support of the debtor and any dependents of the debtor), *benefits under a* certain stock bonus, pension, profitsharing, annuity or *similar plan based on* illness, *disability,* death, age or length of service.

H.R.Rep. No. 95–595, at 126 (1977), *reprinted in* 1978 U.S.C.C.A.N. at 6087 (emphasis supplied).

Thus, according to the legislative history, both subsections (C) and (E) "compensate for [disability] benefits." *In re Evans,* 29 B.R. 336, 337 (Bankr.D.N.J.1983). Yet, "Congress must have intended a distinction between them." *Id.* Common sense would dictate that if Congress chose to include the terms "disability" and "benefit" in two seemingly contradictory provisions, one setting no limits as to disability exemption amounts and the other providing only a limited exemption, Congress must have intended to assign different types of "disability benefits" to those respective provisions.

Some courts have distinguished "disability benefits" under § 522(d)(10)(C) from "payments under a contract" under § 522(d)(10)(E) by categorizing "benefits" falling under the former as relating to temporary employment related benefits. By contrast, the latter would refer to more permanent types of benefits. *See, e.g., Sanders,* 711 A.2d at 128 (interpreting Maine's exemption statute identical to §§ 522(d)(10)(C) and (E) and holding that the permanent nature of private disability insurance payments renders it only partially exempt under subsection (E)). This is the approach advocated by a leading bankruptcy treatise. *See* 2 William L. Norton Jr., *Bankruptcy Law and Practice 2d.* § 46:17 at 46–38 (2d ed.1997) (stating that subsection (d)(10)(C) exempts the debtor's "right to receive ... [t]emporary contractual benefits, most of which will

arise form the debtor's employment .... Pensions and other more permanent employment-related benefits are covered by subsection (d)(10)(E))." An alternate interpretation is that only publicly funded benefits, such as welfare and social security, are fully exempt. *See In re Morehead,* 283 F.3d at 204.

As noted by the 4th Circuit Court of Appeals in *Morehead,* however, the distinctions between temporary versus permanent and public versus private benefits do not satisfactorily inform the debate. *Id.* at 205. These classifications do not provide a consistently workable test for identifying benefits qualifying for full or partial exemption. The definition of "benefit," as addressed *supra,* includes both publicly funded as well as privately arranged benefits. *Id.* at 204. Additionally, disability insurance benefits cannot always be neatly categorized as temporary or permanent. As stated in *Morehead:*

> Some benefits, such as retirement benefits that will continue until death, are clearly permanent. And benefits with a short, fixed time limitation (for example, unemployment benefits running for ninety days) are clearly temporary. Disability insurance payments fall somewhere in the middle. For example, [a disability insurance benefit] could continue until the age of 65 or [it] could stop tomorrow if [the] disability ends.

*Id.* at 205. Accordingly, a more systematic approach is needed.

The bulk of cases addressing the scope of § 522(d)(10)(C) have focused on work-er's compensation benefits. As is the case with privately funded disability payment plans, exemption of worker's compensation benefits appears the subject of more than one subsection. Conceivably, worker's compensation benefits may be fully exempted under § 522(d)(10)(C) or only partially exempted as a "payment for personal injury" under § 522(d)(11)(D), or as a "compensation for loss of future earnings" under § 522(d)(11)(E).[3] *See, e.g., In re Evans,* 29 B.R. 336 (holding that worker's compensation benefits are exempt as a "disability benefit" pursuant to § 522(d)(10)(C) and not as a payment for personal bodily injury under § 522(d)(11)(D)); *In re Cain,* 91 B.R. 182, 184 (Bankr.N.D.Ga.1988) (same); *In re Yonikus,* 996 F.2d 866, 870 (7th Cir.1993) (collecting cases). Although these cases do not specifically address the present question, their analysis of the structure of § 522(d) as a whole provides a valuable analog.

Statutory provisions must be construed in "pari materia," or in reference to one another. That is, the meaning of a statute must be evaluated in context. *In re Rousey,* 275 B.R. at 316. Employing this principle, the court in *In re LaBelle,* 18 B.R. 169, 170–171 (Bankr.D.Maine 1982), addressed the issue of whether worker's compensation benefits are fully exempt as a "disability benefit" pursuant to § 522(d)(10)(C) or only partially exempt as "compensation for personal bodily injury" pursuant to § 522(d)(11)(D). Compar-

---

**3.** § 522(d)(11) states in relevant part:
  The debtor's right to receive, or property that is traceable to–
  (D) a payment, not to exceed $17,425 on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

  (E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

ing § 522(d)(10)(C)'s unlimited exemption and § 522(d)(11)(D)'s limited exemption, the court concluded that the former is limited to types of benefits which are inherently limited in amount. *Id.* at 170. Accordingly, the court held that disability benefits such as worker's compensation payments which "may be expected to go not much higher than is necessary to keep the worker from destitution," are fully exempt pursuant to § 522(d)(10)(C). *Id.* at 171.

In contrast, 522(d)(11)(D) and (E) better speak to tort related recoveries which "could amount to hundreds of thousands of dollars and greatly exceed an amount reasonably necessary for the support of the debtor and his dependents." *Id.* at 170. Several courts have followed that reasoning. *See, e.g., In re Cain,* 91 B.R. 182, 183–84 (Bankr.N.D.Ga.1988) (holding that worker's compensation proceeds are fully exempt under § 522(d)(10)(C) rather than partially exempt under § 522(d)(11)(D) because the amounts are "not much higher than necessary to keep the worker from destitution"); *In re Chavis,* 207 B.R. 845, 847–48 (Bankr.W.D.Pa.1997); *cf. In re Haynes,* 146 B.R. 779, 781 (Bankr.S.D.Ill. 1992) (holding that annuity payments arranged as part of a tort injury compensation was only partially exempt pursuant to § 522(d)(11)(D) because the amount of compensation was not inherently limited).

In *Morehead,* the Fourth Circuit adopted an analogous analytical approach. Addressing the issue of whether private disability benefits were fully or partially exempt pursuant to West Virginia's statutes modeled identically on § 522(d)(10)(C) and § 522(d)(10)(E), the court held that such benefits fit under the exemption scheme of § 522(d)(10)(E) because they contained no inherent limitations as to the amount of the proceeds which they might produce. *In re Morehead,* 283 F.3d at

206. The court concluded that distinguishing benefits based on their limitations vis a vis the debtor's basic needs is in harmony with the historical purpose of exemption laws. The purpose of these laws "has been to protect a debtor from his creditors, to provide him with the basic necessities of life so that even if his creditors levy on all of his nonexempt property, the debtor will not be left destitute and a public charge." *Id.* at 206 (quoting H.R.Rep. No. 95–595, at 126, U.S.Code Cong. & Admin.News 1978, pp. 5963, 6087). The court noted the West Virginia Legislature's likely assumption that "the fully exempt benefits (for example, social security, unemployment compensation, and veteran's benefits) listed in [§ 522(d)(10)(A)-(C)] could be ... no more than an amount reasonably necessary for the support of the debtor and his dependents." *Id.; see also In re Dale,* 252 B.R. at 435.

■ This Court finds the analytical approach employed by the *Morehead* court the best that can be achieved in light of what Congress has provided, and follows it in this case. Accordingly, the Court holds that proceeds of private disability insurance benefits may be exempted as "payments under a contract on account of disability" under § 522(d)(10)(E) but not as "disability benefits" within the meaning of § 522(d)(10)(C); such payments contain no inherent limitation in amount reasonably related to the debtor's basic needs. Accordingly, pursuant to § 522(d)(10)(E), those private disability insurance proceeds may be exempted only to an amount found to be reasonably necessary for support of the debtor and any dependents.

■ In so holding, the Court is mindful of the policy that bankruptcy exemptions should be construed liberally in favor of the debtor. *In re Christo,* 228 B.R. 48, 50 (1st Cir. BAP 1999). However, that policy is in furtherance of the bankruptcy

code's mandate to provide a "fresh start" for the honest debtor. The purpose of exemptions in bankruptcy is to facilitate a debtor's "fresh start" by allowing retention of sufficient resources to sustain basic needs; creditors are entitled to the balance, if any.

In the instant case, the Debtor's monthly payments from his private disability insurance policy may only be exempted to the amount reasonably necessary for his support (and the support of his former spouse, if a dependent), pursuant to § 522(d)(10)(E). Perhaps that means that all of the payments will be ultimately deemed exempt, perhaps not. *See In re Morehead*, 283 F.3d at 208 ("We are not saying a debtor may never exempt the full amount of [disability insurance] payments from the bankruptcy estate."). What is reasonably necessary for a debtor's support for purposes of § 522(d)(10)(E) will vary with the circumstances of the particular debtor.

In this case, the Debtor claims he suffers from serious health problems and requires all of the insurance proceeds. Yet, in Schedules I and J, the Debtor lists $8,393 as his income and only $7,043 in expenses. He lists only $80.00 for "medical and dental expenses" and claims $500.00 in "expenses resulting from disability" which "vary from month to month." The Court finds that an evidentiary hearing is necessary to determine whether, in the reasonably foreseeable future, the "disability expenses" will consume the $1,350 in excess income, even with the monthly variations.

## III. CONCLUSION

For the reasons set forth above, the Court SUSTAINS the Trustee's Objection in part, and finds that the Debtor's monthly proceeds of $6,916 may only be exempted to the extent found to be reasonably

necessary for his support pursuant to § 522(d)(10)(E). The Clerk's Office will set an evidentiary hearing at which the Court will determine the amount exempted.

An Order in conformity with this Memorandum shall issue in conjunction herewith.