**In re Christine Ann LAMBERT, Debtor.**

**Bankruptcy No. NG 80–00215.**

United States Bankruptcy Court,
W. D. Michigan.

March 12, 1981.

Hess & Loeks, Grand Rapids, Mich., Chadwick C. Busk, Grand Rapids, Mich., for Lescoa Employees Credit Union.

Kenneth T. Saukas, Grand Rapids, Mich., for debtor.

OPINION

DAVID E. NIMS, Jr., Bankruptcy Judge.

EXEMPTIONS—WORKERS'
COMPENSATION—RIGHT
TO RECEIVE

Lescoa Employees Credit Union (Lescoa), an unsecured creditor, filed an objection to debtor's claim of exemption as to a workers' compensation benefit.

January 25, 1980, debtor filed a voluntary petition under Chapter 7 of Title 11. She

scheduled as an asset a workers' compensation claim of $20,000.00 and claimed an exemption in this asset under 11 U.S.C. Sec. 522(d)(10)(C) and 11 U.S.C. Sec. 522(d)(11)(E). The trustee filed a no asset report on March 12, 1980.

On January 15, 1980, a "redemption agreement" was entered into by debtor and her employer and its insurance carriers. This agreement indicated that debtor had received injuries at various dates from 1974 through 1978, that a dispute existed and that the parties settled the dispute in the sum of $24,000.00 to be paid to debtor. On the same day, the administrative law judge for the Michigan Bureau of Workers' Disability Compensation entered an order approving the agreement and provided that $4,062.83 was to be paid to Thomas A. Ryan, debtor's attorney and $19,937.17 was to be paid to debtor. The order provided:

"The above order is entered in accordance with the provisions of Act No. 10, Public Acts, First Extra Session of 1912, as amended. If a request by any of the parties for review by the Director, or Notice of review by the Director on his own Motion, is not filed within 15 days from the mailing date of this order, it shall stand as the final decision of the Bureau of Workers' Disability Compensation."

No review was applied for and the checks were delivered sometime after the 15 day period expired, January 30, 1980. Debtor had received and still retained her check at the time of the 11 U.S.C. Sec. 341 hearing on February 19, 1980.

The debtor's award was based on a compensation rate of $115.00 per week. $8,664.00 of the award represented compensation rights of the debtor which had accrued between the time of the disabling injury and the redemption date. Thus, the remaining $11,213.17 would be the approximate compensation for loss of future earnings. However, it must be recognized that this was a lump sum settlement not officially split up into categories. The court's findings are based on testimony offered by the employer.

11 U.S.C. Sec. 522(d) provides in part:

"The following property may be exempted under subsection (b)(1) of this section:
"* * *
"(10) The debtor's right to receive—
"* * *
"(C) a disability * * * benefit;
"* * *
"(11) The debtor's right to receive * * *—
"(E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."

No cases have been decided under the above exemption provisions as far as I can determine and no cases have been cited by counsel.

"In accordance with the philosophy of exemption laws, it is well settled that the provisions of both the Bankruptcy Act and state laws on the subject should receive a liberal rather than a narrow or strict construction." 1A Collier on Bankruptcy Sec. 603(3) at p. 798 (14th ed., 1978). The burden of proof on objections to exemptions is on the objector. Rule 403(c), General Rules of Bankruptcy Procedure.

Keeping in mind that exemption laws are to be liberally construed in favor of the debtor, I would find that the worker's benefit granted debtor would be covered by both 11 U.S.C. Sec. 522(d)(10)(C) and 11 U.S.C. Sec. 522(d)(11)(E). Although the order granting the redemption award was signed prior to the filing of the voluntary petition, it was not final until after the petition was filed and there was no payment until after the filing. That part of the redemption award pertaining to accrued disability would be "a disability * * * benefit" which the debtor had a right to receive as of the date of the filing of the petition. An exemption is in "property of the estate" 11 U.S.C. Sec. 522(b). The estate is created at "the commencement of a case." 11 U.S.C. Sec. 541(a). A voluntary case is commenced

"by the filing of a petition." 11 U.S.C. Sec. 301. Thus, the accrued part of the award is totally exempt.

The balance of the award would be a payment in "compensation of loss of future earnings" and would be exempt "to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."

Debtor is a divorced woman who receives no alimony or support monies, her ex-husband being in a correctional institution. She has two children dependent upon her, ages nine and six. The redemption agreement and order were based on $115.00 a week. Although there was ample testimony establishing that debtor's expenses exceeded this amount, the Court would take judicial notice that $115.00 a week would be less than a reasonably necessary amount to support any mother and two children today. Thus, I would find that that part of the award pertaining to the loss of future earnings is exempt under 11 U.S.C. Sec. 522(d)(11)(E).

Petition for an order requiring the debtor to pay the workers' benefit received by her to the trustee is dismissed with prejudice. No costs are allowed to either party.