In re Fernand J. LaBELLE, Debtor.

Bankruptcy No. 280–00163.[1]

United States Bankruptcy Court,
D. Maine.

March 1, 1982.

Joseph Lenkowski, Jr., Sanford, Maine, for debtor.

Thomas Ainsworth, Portland, Maine, trustee.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

In this proceeding the Trustee objects to the Debtor's claimed exemption of his workers' compensation benefits and, in particular, a lump sum benefit expected by the Debtor under the Maine Workers' Compensation Act, Me.Rev.Stat.Ann. tit. 39 § 71.

At the time of the filing of his voluntary petition, the Debtor was disabled and receiving weekly disability payments for total disability. The Debtor failed to claim the disability payments as exempt. He later filed an amended Schedule B–4, claiming as exempt his right to receive past and future benefits to which he is entitled under the Maine Act. The Debtor claimed his exemption pursuant to 11 U.S.C. § 522(d).[2]

The Trustee filed a timely objection to the Debtor's claimed exemption.[3]

The Trustee's objection raises the issue of where, within Section 522(d), workers' compensation benefits may be claimed as exempt.

The Debtor argues that the benefits may be claimed as exempt, without limitation, under Section 522(d)(10)(C). The trustee asserts that the benefits, if exempt at all, must be claimed under Section 522(d)(11)(D) or (E), which limit the amount which may be exempted.[4]

---

1. Fernand J. LaBelle filed a joint petition with his spouse Dorothy J. 11 U.S.C. § 302. This proceeding deals only with Fernand.

2. Maine, effective September 18, 1981, no longer authorizes the use of the 11 U.S.C. § 522(d) exemptions. See Section 522(b)(1) and 14 Maine Revised Statutes Annotated § 4426 (1981 Supp.).

3. The Trustee also objected to the Debtor's right to amend his Schedule B–4. That objection is without merit. The trustee has not shown any prejudice to the estate.

4. Section 522, as pertinent provides:
   (d) the following property may be exempted. . .
      (10) the debtor's right to receive—
      (C) a *disability. . . benefit*; . . .
      (11) The debtor's right to receive, or property that is traceable to—
      (D) a payment, not to exceed $7,500, on account of personal bodily injury,. . .
      (E) a payment *in compensation* of *loss of future earnings* of the debtor. . . to the extent reasonably necessary for the support of the debtor and any dependent of the debtor. (emphasis supplied).

The Court concludes that the Debtor's workers' compensation benefits may be exempted under Section 522(d)(10)(C).

## DISCUSSION

The legislative history of Section 522(d) sheds very little light on what the Congress intended with regard to workers' compensation benefits. In discussing Section 522(d)(10) Congress used the following language:

> Paragraph (10) exempts certain benefits that are *akin to future earnings of the debtor.* These include social security, unemployment compensation, or public assistance benefits, veterans benefits, *disability,* illness, or unemployment *benefits* .... (emphasis added)

H.R. 595, 95th Cong. 1st Sess. 362 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787, 6318.

In discussing Section 522(d)(11) the following language is used:

> Paragraph (11) allows the debtor to exempt certain *compensation for losses.* These include crime victims reparation benefits, wrongful death benefits (with a reasonably necessary support limitation), life insurance proceeds (same limitation), compensation for bodily injury, not including pain and suffering ($10,000 limitation), *and loss of future earnings* payments (support limitation) .... (emphasis added).

*Id.* at 362, U.S.Code Cong. & Admin.News 1978, p. 6318.

A first reading of paragraphs (10) and (11) and of the legislative history seems to reveal an ambiguity, because the House Report discusses "future earnings" in relation to both paragraphs (10) and (11) and paragraph (11)(E) deals with "future earnings."

Further examination of paragraphs (10) and (11) and of the legislative history, together with a brief review of the workers' compensation law resolves the ambiguity. The House Report in discussing paragraph (10) speaks of "benefits that are akin to future earnings." In discussing paragraph (11) it speaks of "compensation for losses." A leading authority in the area of workers'

compensation, in comparing workers' compensation with tort recovery, states:

> A compensation system, unlike a tort recovery, does not pretend to restore to the claimant what he has lost; it gives him a sum which, added to his remaining earning ability, if any, will presumably enable him to exist without being a burden to others.

1 Larson's Workmen's Compensation Law, Section 2.50.

The Trustee argues that the Debtor's worker's compensation benefit is a "right to receive, or property that is traceable to... a payment... on account of personal bodily injury," which is restricted to $7,500 under paragraph (11)(D); or is a "right to receive, or property that is traceable to... a payment in compensation for loss of future earnings," which may be exempted only to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, within the meaning of paragraph (11)(E). This Court cannot believe that the Congress intended that result.

A more reasonable interpretation is indicated by the brief legislative history. Paragraph (10) exempts certain *benefits* that are *akin to future earnings* of the debtor; paragraph (11) allows the debtor to exempt certain compensation for *losses.* To put it another way, paragraphs (11)(D) & (E) deal with recoveries for losses, which, in some instances, could amount to hundreds of thousands of dollars and greatly exceed an amount reasonably necessary for the support of the debtor and his dependents; paragraph (10)(C) exempts certain benefits that are strictly "akin to future earnings of the debtor." The latter clearly encompasses workers' compensation benefits. Limitation of benefits are incorporated in the Workers' Compensation Act.

Both counsel have cited and discussed *In re Lambert,* 9 B.R. 799, 4 C.B.C.2d 213, 7 B.C.D. 508 (Bkrtcy.W.D.Mich.1981). That proceeding also involved a lump sum settlement received by the Debtor after filing her petition. The Bankruptcy Judge split the award into two parts and found "That

part of the . . . award pertaining to accrued disability would be 'a disability . . . benefit' which the debtor had a right to receive as of the date of the filing of the petition." He, therefore, ruled that the accrued portion of the award was exempt under Section 522(d)(10)(C). The balance of the award he found to be "a payment in 'compensation of loss of future earnings'" and ruled that the balance would be exempt to the extent reasonably necessary for the support of the debtor and any dependent of the debtor. Section 522(d)(11)(E).

This Court is not inclined to follow the analysis used in *In re Lambert.* It is clear that "paragraph (10) exempts certain benefits that are akin to future earnings of the debtor . . . and paragraph (11) allows the debtor to exempt certain compensation for losses." H.R. 595, 95th Cong., 1st Sess. 361–362 (1977), U.S.Code Cong. & Admin. News 1978, p. 6318. Workers' compensation is not "compensation for losses" as third party tort actions are. Workers' compensation benefits are "akin to future earnings of the debtor" whose ability to generate future earnings has been reduced or, as in this case, completely lost because of a work related injury. *See In re Thompson,* 4 B.R. 18 (Bkrtcy.D.Me.1979). The benefits are intended to substitute for those lost earnings, and as Professor Larson in his treatise so aptly stated: "the amount of compensation awarded may be expected to go not much higher than is necessary to keep the worker from destitution." 1 Larson's Workmen's Compensation Law, Section 2.50.

An order will be entered permitting the Debtor to exempt his entire workers' compensation benefit, whether it be weekly or lump sum, pursuant to Section 522(d)(10)(C).