### In re Mickey E. CAIN and Regina Cain, Debtors.

### Bankruptcy No. 87–06481.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

June 8, 1988.

W. Wheeler Bryan, Atlanta, Ga., for trustee.

Earnie R. Breeding, Tom Watson Brown, Atlanta, Ga., for debtor.

## ORDER

MARGARET H. MURPHY,
Bankruptcy Judge.

This case is before the Court on Trustee's objection to allowance of Debtors' claim of exemption of Workers' Compensation claim. Hearing was held December 18, 1987. Present were Wheeler Bryan, Trustee and attorney for Trustee; Earnie R. Breeding, attorney for Debtors; and Tom Brown, Mr. Cain's Workers' Compensation attorney. From the evidence adduced and argument of counsel at the hearing, and the pleadings herein, it appears as follows:

Debtor Mickey E. Cain was injured in February, 1985, while employed as a roofer. As a result of his injuries, Mr. Cain is unable to return to his former employment. Mr. Cain's employer's workers' compensation insurance carrier has paid the medical expenses and benefits required by Georgia law; has paid vocational rehabilitation expenses; and, upon completion of vocational rehabilitation, will pay disability benefits.

Debtor's Schedule of Exempt Property identifies his unliquidated Worker's Compensation claim, estimated at approximately $20,000, as exempt. The Trustee objected to exemption on the grounds that the amount is uncertain and that the exemption is limited to $7500 allowed for a payment on account of personal bodily injury under O.C.G.A. § 44–13–100(a)(11)(D).[1]

The Georgia Workers' Compensation statute provides three types of direct payment to a claimant: (1) for total disability, O.C.G.A. § 34–9–261; (2) for temporary partial disability, O.C.G.A. § 34–9–262; and (3) for permanent partial disability, O.C.G.A. § 34–9–263. The statutory scheme provides for disability benefits which cover medical expenses, expenses for rehabilitation and compensation for the loss of future earnings.

Neither the Georgia legislature nor Congress has spoken regarding the treatment workers' compensation benefits should receive under the bankruptcy exemption statutes. *See, In re Evans*, 29 Bankr. 336 (Bankr.D.N.J.1983). Three different subsections of the exemptions could arguably be applied to Workers' Compensation benefits: (1) 11 U.S.C. 522(d)(10)(C)[2], which provides for exemption, regardless of amount, of disability, illness or unemployment benefits; (2) 11 U.S.C. 522(d)(11)(D)[3], which provides for exemption of payments not exceeding $7500 on account of personal bodily injury; and (3) 11 U.S.C. 522(d)(11)(E)[4], which provides for exemption of payments in compensation for loss of future earnings, to the extent reasonably necessary for support.

The legislative history of the exemption statute, together with the intent of the statutory scheme of the workers' compensation statutes, supports a finding that workers' compensation benefits are exempt in their entirety under 11 U.S.C. § 522(d)(10)(C). *In re Evans*, 29 B.R. 336 (Bankr.D.N.J.1983); *In re LaBelle*, 18 B.R. 169 (Bankr.D.Me.1982). Rather than being "compensation for losses" as in tort actions, Workers' Compensation benefits are disability benefits "akin to future earnings of the debtor." *LaBelle*, at 171. Additionally, Congressional attitude toward Worker's Compensation benefits is evidenced by the exclusion of Worker's Compensation benefits from gross income in the Internal Revenue Code. 26 U.S.C. § 104(a)(1). Because Worker's Compensation benefits are disability benefits and because the statutory amounts, whether periodic or lump sum, are "not much higher than is necessary to keep the worker from destitution," the limitations of § 522(d)(11)(D) and (E)

---

1. The pertinent language of O.C.G.A. § 44–13–100, the Georgia exemption statute, is identical to that of 11 U.S.C. § 522, the federal exemption statute. Thus, the federal case law interpreting the federal exemption statute is applicable in the instant case.

2. The correlative subsection in the Georgia exemption statute is 44–13–100(a)(2)(C).

3. The correlative subsection in the Georgia exemption statute is O.C.G.A. § 44–13–100(a)(11)(D).

4. The correlative subsection in the Georgia statute is O.C.G.A. § 44–13–100(a)(11)(E).

are not applicable and the benefits are exempted in their entirety under § 522(d)(10)(C). Because Debtor's Worker's Compensation benefits are exempt in their entirety, uncertainty concerning the amount which Debtor will ultimately receive upon settlement of his case is irrelevant. Accordingly, it is hereby

ORDERED that Debtors' exemption of Workers' Compensation benefits is allowed, and Trustee's objection is overruled.