**In re Raymond L. CHAVIS, Debtor.**

**Bankruptcy No. 96–20086 JKF.**
**Motion No. CTT–5.**

United States Bankruptcy Court,
W.D. Pennsylvania.

April 29, 1997.

Michael S. Geisler, Monroeville, PA, for Debtor.

Gary J. Gaertner, Pittsburgh, PA, Standing Chapter 13 Trustee.

## MEMORANDUM OPINION [1]

JUDITH K. FITZGERALD, Bankruptcy Judge.

Prior to November 1995, Raymond L. Chavis (the "Debtor") was blind in one eye. On November 3, 1995, Debtor sustained a severe injury to his other eye, rendering him completely and permanently blind. On January 5, 1996, Debtor filed for Chapter 13 protection.[2] In his Amended Schedules B (Personal Property) and C (Property Claimed as exempt), Debtor claimed an exemption of $48,548.93 paid pursuant to an accidental death and dismemberment policy[3] (the "proceeds") under 11 U.S.C. § 522(d)(10)(C) and (11)(E). Subsection (10)(C) provides that Debtor may exempt his "right to receive ... a disability, illness, or unemployment benefit". Subsection (11)(E) provides that Debtor may exempt his "right

to receive, or property that is traceable to ... a payment in compensation of loss of future earnings ... to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."

The Chapter 13 Trustee (the "Trustee") has objected to the exemption. Trustee contends that the proceeds are more properly exempted under § 522(d)(11)(D) which limits exemptions "on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss" to $15,000. Thus, Trustee argues that Debtor's exemption should be limited to $15,000.[4] Accordingly, the sole issue before this court is whether Debtor's claimed exemption for the proceeds is allowable under § 522(d)(10)(C) (disability, illness, unemployment benefit), § 522(d)(11)(D) ($15,000 on account of personal injury) and/or § 522(d)(11)(E) (compensation of loss of future earnings). The issue is relevant in this Chapter 13 because the confirmed plan provides a 5 percent distribution to unsecured creditors. If the Trustee's objection is sustained, Debtor's exemption is limited to $15,000 under § 522(d)(11)(D) and sufficient funds will exist to pay unsecured creditors 100 percent of their claims. Debtor has deposited $3,651.00 with the Trustee, representing sufficient funds to pay a 100 percent dividend to his unsecured creditors. Trustee either will pay those creditors[5] or will refund the deposit to Debtor, whichever is required by resolution of his objection.

As with other statutory interpretation matters, we first look to the statute and then to the legislative history if the statutory language is unclear. *Toibb v. Radloff*, 501 U.S. 157, 162, 111 S.Ct. 2197, 2200, 115 L.Ed.2d 145 (1991). Section 522(d)(11)(D) has been called "a difficult section to understand." *In re Bova*, 205 B.R. 467, 476 (Bankr.E.D.Pa.1997). We concur and find that the difficulty extends to the language of

---

1. This court's jurisdiction is not in dispute. This opinion constitutes our Findings of Fact and Conclusions of Law.

2. Debtor receives workers' compensation benefits as the result of his inability to work based upon his injury. The workers' compensation benefits are not at issue.

3. The policy was made available by Debtor's employer, the City of Pittsburgh, and is entitled "Voluntary Personal Accident Insurance Plan".

4. Debtor has received more than $15,000 toward his exemption.

5. Any excess will be returned to Debtor.

§ 522(d)(10)(C) and § 522(d)(11)(E) and the interplay of the three sections. *See In re Evans*, 29 B.R. 336 (Bankr.D.N.J.1983). We note that Debtor is not required to choose one exemption under which to claim all aspects of a single personal injury award. *In re Bova, supra*, at 478. Bankruptcy exemptions should be construed liberally in favor of debtors. *In re Link*, 172 B.R. 707, 709 (Bankr.D.Mass.1994). *See also In re Claude*, 206 B.R. 374, 377 (Bankr.W.D.Pa.1997) citing *In re Dealey*, 204 B.R. 17 (Bankr.C.D.Ill. 1997).

Further, it is unclear from the statutory language which subsection applies to the proceeds from a death and dismemberment insurance policy, particularly where, as here, Debtor's permanent injury has disabled him from gainful employment and caused a substantial loss of future earnings. Subsection (d)(11)(D) refers to "personal bodily injury" which applies to the circumstances but Debtor has not claimed an exemption under this subsection. Section § 522(d)(11)(E) allows exemption of "a payment in compensation of loss of future earnings". Can proceeds of accidental death and dismemberment policies be so classified? Subsection (d)(10)(C) applies to disability benefits and has been construed to apply to worker's compensation benefits. We must determine whether it applies to the insurance proceeds at issue.[6]

Because the statute is not clear, we will examine legislative history to determine which, if any, of the three sections covers Debtor's claim to exemptions. Trustee argues that § 522(d)(11)(D) applies because the proceeds were paid based upon an anatomical loss. When the statutory language is read in conjunction with the legislative history, it is clear that Congress intended that the exemption of any award based solely upon loss of a body part should be considered under § 522(d)(11). The legislative history provides, in relevant part:

This provision in subparagraph (d)(11) is designed to cover payments in compensation of actual bodily injury such as the loss of a limb and is not intended to include the

attendant costs that accompany such a loss, such as medical payments, pain and suffering or loss of earnings.

H.R. No. 95–598, 98th Cong., 1st Sess., 362 (1977). As we will explain below, the payment Debtor received in the matter before us falls squarely within the context of the legislative history to § 522(d)(11), i.e., it was not designed or intended to compensate for lost earnings.

### § 522(d) (10)(C)

■ Debtor has claimed the proceeds of the policy as exempt under § 522(d)(10)(C) on two grounds. First, Debtor asserts that the proceeds are analogous to worker's compensation benefits which are fully exempt under § 522(d)(10)(C). Second, Debtor asserts that the proceeds should be fully exempted under § 522(d)(10)(C) because they are more closely analogous to a contractual remedy than to a tort remedy. In his objection and brief, Trustee contends that legislative history is clear that the proceeds are not exemptible under § 522(d)(10)(C) because they do not represent a replacement for earnings or compensation for lost earnings. Rather, the policy proceeds are compensation for loss of a body part, without regard to lost earnings or the effect on Debtor's ability to generate income. That is, whether or not Debtor can continue to work, he is entitled to this payment. Therefore, Trustee asserts that the proceeds should be exempted under § 522(d)(11)(D).

Worker's compensation benefits have been held to be exemptible under § 522(d)(10)(C) because they enable one to exist without being a burden on society. *See In re La-Belle*, 18 B.R. 169, 170 (Bankr.D.Me.1982). *See also In re Cain*, 91 B.R. 182 (Bankr. N.D.Ga.1988). By contrast, recovery under § 522(d)(11), which is generally construed to apply to tort recovery, "could amount to hundreds of thousands of dollars and greatly exceed an amount reasonably necessary for support." *In re LaBelle*, 18 B.R. at 170. In *LaBelle*, the court distinguished benefits available under § 522(d)(10) from those avail-

---

**6.** The legislative history of § 522 provides that "[p]aragraph (10) exempts certain property that is akin to future earnings ... Paragraph (11)

allows the debtor to exempt certain compensation for losses." H.R. No. 95–598, 98th Cong., 1st Sess. 361–62 (1977).

able under § 522(d)(11). The court noted that § 522(d)(11) represents "compensation for losses" and restores what has been lost, but only to the extent reasonably necessary for support. *Id.* The court concluded that worker's compensation benefits were appropriately exempted under § 522(d)(10)(C) because those benefits are akin to future earnings. *Id.* Other courts have followed *LaBelle* by authorizing full exemption of worker's compensation awards under § 522(d)(10)(C) where the debtor has been permanently injured. *See In re Cain,* 91 B.R. 182 (Bankr. N.D.Ga.1988) (entire worker's compensation award exempted as akin to future earnings under § 522(d)(10)(C); congressional policy toward such benefits evidenced by their exclusion from gross income under the Internal Revenue Code) *In re Evans,* 29 B.R. 336 (Bankr.D.N.J.1983) (debtor had temporary and partial permanent injuries; worker's compensation benefits related to both were entirely exempt under § 522(d)(10)(C) as akin to future earnings). Thus, if the insurance proceeds represent future earnings, they may be exemptible under § 522(d)(10)(C).

It is clear from the policy at issue that the proceeds are not analogous to worker's compensation. The policy specifically reserves the insured's right to collect workers' compensation and, in fact, Debtor receives workers' compensation payments that are not at issue. Thus, his lost earnings are compensated independently of the proceeds at issue and the policy proceeds are not intended to substitute for lost earnings. The proceeds are not exemptible as "in the nature of" workers' compensation as Debtor claims.

Furthermore, the language of the policy concerning the benefit payable is not consistent with a conclusion that the benefit is in the nature of earnings. What is more, the proceeds are not payable based on Debtor's disability. They are based upon his loss of a body part. The proceeds are payable under the policy whether or not the payee loses income or is capable of gainful employment. While we sympathize with Debtor's plight, we are constrained to find that the proceeds of this accidental death and dismemberment insurance policy are not analogous to or intended to be payments on account of lost income due to disability under § 522(d)(10)(C).

Debtor also asserts that the proceeds should be fully exempt under § 522(d)(10)(C) because they are more analogous to a contract remedy than a tort remedy. In Debtor's view, contract-type remedies are covered by § 522(d)(10)(C) whereas tort-type remedies fall under § 522(d)(11). Several cases have concluded that § 522(d)(11) only applies to compensation received in the nature of tort liability, whereas workers' compensation benefits fall under § 522(d)(10)(C) as payment in lieu of future earnings of the debtor. *See In re Williams, In re Evans, In re LaBelle, supra.* While we acknowledge that proceeds received from accident insurance derive from a contract, the statute itself does not distinguish between tort and contract remedies. The cases that raise the distinction do so to illustrate their conclusion that worker's compensation benefits are not "compensation for losses" as are third party tort actions, but are intended to substitute for lost earnings. *See, e.g., In re LaBelle. Cf. In re Williams,* 181 B.R. 298 (Bankr. W.D.Mich.1995) (property purchased with worker's compensation award is not exemptible under § 522(d)(10)(C) because that section applies only to the right to receive such award). We conclude that § 522(d)(10)(C) does not apply to the proceeds at issue. Accordingly, we deny Debtors' exemption on the basis of § 522(d)(10)(C).

### § 522(d) (11)(E)

■ It is not disputed that Debtor's livelihood depends upon his ability to see. Section 522(d)(11)(E) provides an exemption in compensation for loss of future earnings to the extent reasonably necessary for support. Assuming, for purposes of this opinion, that the proceeds are reasonably necessary for support, the question remains whether the payment Debtor received through this insurance policy was "a payment in compensation of loss of future earnings" under § 522(d)(11)(E).

The policy specifies that it "offers full 24-hour accident protection anywhere in the world, on or off the job, on business—on

vacation—at home...." *See* Policy at 2. It also specifies what payments will be made for particular bodily injuries, including loss of an eye. *Id.* at 3. The policy provides that it "is not in lieu of and does not affect any requirement for coverage under any Workers' Compensation insurance." *Id.* at 17. Thus, payment under the policy is in addition to worker's compensation payments and is not keyed to lost wages. The policy benefits are determined by the amount of coverage chosen by the insured. Proceeds are paid in a predetermined amount, according to the premium paid, the bodily injury sustained, and the benefit set forth in the policy.

Because we conclude that the policy is not a payment in compensation of a loss of future earnings and because § 522(d)(11)(E) covers only payments in compensation for lost future earnings, we must reject Debtor's claim to exemption under § 522(d)(11)(E).

### *§ 522(d)(11)(D)*

█ Debtor has not claimed an exemption under § 522(d)(11)(D) which limits to $15,000 an exemption based on bodily injury, excluding pain, suffering, and compensation for actual loss,. However, Trustee contends that this is the only applicable section by which Debtor can exempt the proceeds. Therefore, we will address whether Debtor has an allowable exemption under this section.

In *In re Martinez–Whitford,* 199 B.R. 74 (Bankr.D.Mass.1996), the trustee argued that § 522(d)(11)(D) was intended only to cover settlement or judgment proceeds paid by a tortfeasor or its insurer and, because the payment was made on account of a contractual obligation, it was not on account of personal bodily injury and could not be exempted under § 522(d)(11)(D). The court concluded that "[w]hatever the source of payment or legal basis of the underlying obligation, ... as long as the payment is received 'on account of personal bodily injury' it is within the scope of" § 522(d)(11)(D). The court further noted that bodily injury is a condition of payment under uninsured motorist cover-

age and the fact that the debtor also had financial losses does not negate the fact that the payment under the policy was on account of the bodily injury.

In *In re Claude,* 206 B.R. 374 (Bankr. W.D.Pa.1997), Judge Bentz of this district dealt with a claim for exemptions under § 522(d)(11)(D). Debtors had settled a claim for medical expenses, loss of income and earning potential, disfigurement, and pain and suffering resulting from a work-related injury. The court allowed the maximum exemption under § 522(d)(11)(D), noting that the section covers bodily injury but not pecuniary loss such as wages.[7]

This case is a classic example of the kind of payment that is exemptible under § 522(d)(11)(D). Debtor received the policy proceeds specifically to cover the loss he sustained. Because we find that § 522(d)(11)(D) applies, Debtor will be given an opportunity to amend his exemptions if he so chooses. Debtor already has received more than $15,000 from the proceeds. The Trustee is holding sufficient funds from the proceeds to pay 100 percent to unsecured creditors who filed claims. Because the exemption is limited to $15,000, creditors will be paid in full and any surplus will be returned to Debtor.

An appropriate order will be entered.

### ORDER

**AND NOW,** to-wit, this **29th** day of **April, 1997,** for the reasons set forth in the foregoing Memorandum Opinion, **IT IS OR-DERED, ADJUDGED AND DECREED** that Trustee's objection to Debtor's claim to exemptions under § 522(d)(10)(C) and § 522(d)(11)(E) is **SUSTAINED** and the exemption is not allowed.

It is **FURTHER ORDERED** that, on or before **May 19, 1997,** Debtor may file an Amended Schedule C to claim a $15,000 exemption under § 522(d)(11)(D) which, if filed, will be allowed without further Order.

---

**7.** In *Claude* the trustee argued that, although § 522(d)(11)(D) provided an exemption, the exempt amount was to be considered disposable income under § 1325 because it was not neces-

sary for debtors' support. We are not faced with this issue in the matter at bench inasmuch as there are sufficient proceeds to pay unsecured creditors in full plus Debtor's full exemption.

It is **FURTHER ORDERED** that Trustee shall distribute the proceeds held by him from the Voluntary Personal Accident Insurance Plan to unsecured creditors and Trustee's percentage fees, and return any surplus to Debtor.