**In re Cheryl A. HERALD f/k/a Cheryl A. Roe, Debtor.**

No. 99–20788.

United States Bankruptcy Court, W.D. New York.

June 26, 2003.

David D. MacKnight, Lacy, Katzen, Ryen & Middleman, Rochester, NY, for Debtor.

Kenneth W. Gordon, Kenneth W. Gordon, Rochester, NY, for Trustee.

## DECISION & ORDER

JOHN C. NINFO, II, Chief Judge.

### BACKGROUND

On March 22, 1999, Cheryl A. Herald (the "Debtor") filed a petition initiating a Chapter 7 case. On the Schedules and Statements required to be filed by Section 521 and Rule 1007, the Debtor indicated that: (1) she had a pending workers' com-

pensation claim in an undetermined amount; (2) she had filed an "Intent to File Claim Notice" with Saratoga County for job harassment, which was also in an undetermined amount; (3) she had a possible personal injury claim against Home Depot in an undetermined amount; (4) she was claiming, as exempt, any recovery on her job harassment claim against Saratoga County, her pending workers' compensation claim, and her possible personal injury claim against Home Depot; (5) she had $41,756.77 in unsecured debt; and (6) although she was unemployed, her spouse had a current gross annual income of $42,996.00.

On April 30, 1999, the Debtor's trustee, Kenneth W. Gordon, Esq. (the "Trustee"), filed a Minute Report of a Section 341 Hearing that he conducted on April 23, 1999. The Minute Report indicated that there were possible assets in the estate in the nature of a personal injury claim against Home Depot and a harassment claim.

On April 30, 1999, the Trustee also filed an objection to the Debtor's claims of an exemption in her personal injury claim against Home Depot and her harassment claim against Saratoga County (the "Objection to Exemptions").

On August 13, 2001, the Trustee filed an application (the "Motion to Employ Counsel") which requested that the Court authorize his employment of Van Zwisohn, Esq. ("Zwisohn") to represent him in connection with the Debtor's workers' compensation claim against Home Depot.[1] The Court authorized the employment of Zwisohn on August 15, 2001.

On April 8, 2002, the Trustee filed a motion to approve a compromise (the "Compromise Motion"), which alleged that: (1) the Debtor's assets included a pending workers' compensation claim and a potential personal injury claim against Saratoga County in connection with which the Court had approved Zwisohn to represent the Trustee;[2] (2) Zwisohn had received a proposal to settle both the Debtor's pending workers' compensation claim and the potential personal injury claim involving Saratoga County for $35,000.00, and he had recommended the proposed settlement to the Trustee; (3) the Debtor had not claimed that any portion of these claims against Saratoga County were exempt; and (4) the Trustee believed that the settlement was fair and reasonable and in the best interests of the creditors of the estate.

Attached to the Compromise Motion as Exhibit "A" was a March 29, 2002 letter from Zwisohn to the Trustee (the "Zwisohn Letter") which indicated that: (1) the $35,000.00 settlement would be in full satisfaction of the Debtor's claim before the Workers' Compensation Board and the parallel action that had been commenced in the Supreme Court, Saratoga County (the "Supreme Court Action"), based upon the same facts and damages; (2) the Supreme Court Action was filed to protect the Debtor's rights should for some reason the workers' compensation case be deemed untimely or should it otherwise be dismissed; (3) ordinarily, workers' compensation is the exclusive remedy for employees injured at or because of acts or omissions of the employer, unless there was intentional wrongdoing, as opposed to reckless or negligent wrongdoing; (4) Zwisohn did not believe that the Debtor could prove

---

1. The Debtor never scheduled a workers' compensation claim against Home Depot, only a possible personal injury claim.

2. The Debtor never scheduled a personal injury claim against Saratoga County, and Zwisohn was technically authorized to represent the Trustee only in a workers' compensation claim against Home Depot.

intentionality in the Supreme Court Action; (5) once there was a final determination in the workers' compensation case that the Debtor's emotional and psychological injuries were compensable, the Supreme Court Action would be dismissed; and (6) in the Supreme Court Action, the presiding justice had denied a motion for summary judgment filed by Saratoga County, in Zwisohn's opinion, only because the County had appealed the determination of the Workers' Compensation Board that the Debtor's injuries were compensable.

On May 13, 2002, the Debtor filed Opposition to the Compromise Motion which asserted that: (1) workers' compensation benefits were exempt in bankruptcy pursuant to Section 282 of the New York Debtor & Creditor Law (the "DCL"); and (2) the Trustee's allegation that the Debtor had not claimed her workers' compensation claim as exempt was incorrect since she had specifically identified the claim on Schedule "B" as an asset, and specifically claimed it as exempt on Schedule "C" pursuant to Section 282 of the DCL.

On the May 15, 2002 return date of the Compromise Motion, the Court approved the proposed $35,000.00 settlement without prejudice to the Debtor's claim of an exemption.

On December 10, 2002, the Debtor filed a motion (the "Exemption Motion") which requested that the Court: (1) dismiss the Trustee's Objection to Exemptions; and (2) direct the Trustee to pay over to the Debtor the net settlement proceeds that he had received, after he paid Zwisohn's

allowed compensation (the "Settlement Proceeds"). The Exemption Motion alleged that: (1) in his Objection to Exemptions the Trustee failed to list and timely object to the Debtor's Schedule "C" claim to an exemption in the proceeds of the workers' compensation claim that she had specifically scheduled as an asset on Schedule "B"; and (2) in his Objection to Exemptions, the Trustee only objected to the Debtor's claims to exemptions in any proceeds from her personal injury claim against Home Depot and her harassment claim against Saratoga County, both of which were separately and specifically set forth on Schedules "B" and "C"; (3) the Settlement Proceeds being held by the Trustee were not property of the estate because, as workers' compensation benefits, they were excluded from property of the estate under Section 541(c)(2) as a trust subject to an enforceable restriction on transfer under non-bankruptcy law; (4) the Trustee was judicially estopped to assert that the Settlement Proceeds were not a workers' compensation disability benefit, in view of the information set forth in the Zwisohn Letter which the Trustee elected to attach to his Compromise Motion and which indicated that the settlement the Trustee had approved and recommended to the Court was clearly in connection with the Debtor's workers' compensation claim; and (5) Section 282.2.(c) of the DCL provides that workers' compensation benefits, which are based exclusively upon a disability, are exempt.[3]

On January 2, 2003, the Trustee interposed Opposition (the "Trustee Opposi-

---

**3.** Section 282.2. provides, in part, that:

2. Bankruptcy exemption for right to receive benefits. The debtor's right to receive or the debtor's interest in: (a) a social security benefit, unemployment compensation or a local public assistance benefit; (b) a veterans' benefit; (c) a disability, illness, or unemploy-

ment benefit; (d) alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor; . . .

New York Debtor and Creditor Law § 282 (Consol.2003).

tion") to the Exemption Motion which asserted that: (1) the Debtor's Schedules "B" and "C" claimed a zero value [4] for both her pending workers' compensation and harassment claims against Saratoga County and her claimed exemption in those assets, so that she should be held to that claim of a zero exemption; (2) the Debtor's new claim of an exemption in the entire Settlement Proceeds, $34,354.00 before the payment of Zwisohn's allowed compensation, which was for the first time set forth in the Exemption Motion, rather than the zero amount claimed on her Schedules, constituted an amended claim of an exemption; (3) the Trustee Opposition was filed within thirty days of the date of the Exemption Motion, making his objection to this new claim of an exemption timely under Rule 4003(b) and the Decision of the United States Supreme Court in *Taylor v. Freeland and Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) (*"Taylor"*); and (4) to the extent that the Settlement Proceeds represent or are the result of the Debtor's workers' compensation claim, they do not constitute a disability benefit, since the claim was paid because of an "emotional" injury suffered by the Debtor at the hands of her employer, which allegedly rendered her unable to return to her employment for a period of two years, and, therefore, was compensation for past lost wages suffered as a result of an emotional injury.

At the January 8, 2003 hearing on the Exemption Motion, the Court reserved decision and advised the parties that it would take further submissions from the parties, as well as from any other party interested in the Court's decision on the question of whether workers' compensation benefits were exempt. After the hearing, the Court received additional submissions from the Debtor, the Trustee, Peter Scribner, Esq., a Chapter 7 Panel Trustee, and an *amicus* brief from the New York State Attorney General, Elliott Spitzer.[5] The submissions addressed in greater detail the arguments previously made by the Debtor and the Trustee, with the exception of an additional argument made by the Trustee in an April 25, 2003 submission. In that submission, the Trustee, noting that workers' compensation payments were not specifically enumerated as exempt in Section 282 of the DCL, argued that the Debtor's Schedule "C," which claimed an exemption in her workers' compensation claim pursuant only to Section 282 of the "Debtor & Creditor Law," was not specific enough to put the Trustee on notice that she was claiming an exemption under Section 282.2.(c) of the DCL on the theory that workers' compensation payments were disability benefits. As a result, the Trustee asserted that he was not required to object to her overly broad claim of exemption.

## DISCUSSION

### I. Overview

The primary issue before the Court is whether workers' compensation benefits qualify as disability benefits under Section 282 of the DCL. Before concluding that workers' compensation benefits are exempt disability benefits, the Court first determined that: (1) the Settlement Proceeds were in satisfaction of the Debtor's

---

4. Schedules "B" and "C" listed the three claims as being in an "amount undetermined," and the current market value of the property and the value of the claimed exemption as being "0.00."

5. The Attorney General asserted that the Court should find that workers' compensation benefits are exempt in bankruptcy for a number of reasons, including that they are disability benefits within the meaning and intent of Section 282.2.(c) of the DCL.

workers' compensation claim, with no portion being allocated to her harassment claim against Saratoga County; and (2) the Trustee failed to timely object to the Debtor's claim of an exemption in the proceeds of her workers' compensation claim.

## II.  *The Nature of the Settlement Proceeds*

■ The Debtor correctly scheduled her workers' compensation and harassment claims as assets on Schedule "B." As such, they were property of the estate, even though the Debtor might be found to have a valid claim that the proceeds were exempt, in whole or in part. As property of the estate, notwithstanding any exemption claim filed by the Debtor, the Trustee was entitled to administer those assets, which in this case he elected to do. With Court approval, he retained Zwisohn as special counsel to prosecute the claims which resulted in a $35,000.00 settlement.

Unfortunately, neither the Trustee nor Zwisohn negotiated for a provision in the settlement that specifically allocated what amounts, if any, were attributable to the workers' compensation claim and what amounts, if any, were attributable to the harassment claim. This may have been because Saratoga County did not want any part of the settlement to be specifically allocated to the harassment claim, or because the Trustee did not believe that such an allocation was necessary, since he has always taken the position that the Debtor did not have a valid exemption claim in the Settlement Proceeds, whether they were deemed workers' compensation benefits or the settlement proceeds from the Debtor's harassment claim.

In the absence of an allocation by the parties to the settlement, I find that all of the Settlement Proceeds were in settlement and satisfaction of the Debtor's workers' compensation claim. This finding

is supported by the facts that: (1) the Zwisohn Letter, which the Trustee adopted by attaching it to his Compromise Motion, indicates that, as special counsel, Zwisohn did not believe that the Debtor and the Trustee could prevail in the Supreme Court Action on the Debtor's harassment claim, since they could not prove intentionality; (2) Saratoga County made a motion for summary judgment to dismiss the harassment claim in the Supreme Court Action, indicating that it believed that the claim had no merit; and (3) if it could avoid it, Saratoga County would not want to admit, directly or indirectly, any liability on the harassment claim.

## III.  *The Debtor's Claim of an Exemption in her Workers' Compensation Claim Settlement Proceeds*

■ I find that the Trustee failed to make a timely objection to the Debtor's claim of an exemption in the proceeds of her workers' compensation claim.

The Debtor described three claims on her Schedule "B" of assets, her workers' compensation claim, her harassment claim against Saratoga County and a possible personal injury claim against Home Depot. On Schedule "C" she claimed an exemption in the proceeds of each of those claims pursuant to "Debtor & Creditor Law Section 282." On both Schedules "B" and "C," she described the claims and the exempt proceeds as being in an undetermined amount.

Although the Debtor listed the value of these assets on Schedule "B" and the amount of her claimed exemption on Schedule "C" as "0.00," she and her attorneys clearly did not intend to claim an exemption of zero in those three claims. This designation was obviously and simply intended to be a reflection of the fact that at the time the petition was filed the

amount of any recovery on the claims was speculative.

Indeed Schedule "C" could have been more specific in claiming an exemption, for example by claiming any and all proceeds received on the three described claims. However, when Schedule "B" and Schedule "C" are read together, it is clear that the Debtor and her attorneys were attempting to claim as exempt the full amount of any proceeds that might ultimately be received from the prosecution of those claims.

Furthermore, although the Trustee has asserted that: (1) the Debtor should be held to a claimed exemption of zero ("0.00") in the proceeds of the settlement of her workers' compensation claim because of the way her Schedule "C" was prepared; and (2) the way the Debtor prepared her Schedule "C," in listing her claimed exemption as "0.00," was in part why he did not object to her claim of an exemption, he objected to the Debtor's claims of an exemption in her possible personal injury claim against Home Depot and her harassment claim against Saratoga County, even though those assets were described on Schedules "B" and "C" in the same manner as her workers' compensation claim, as having a value and a claimed exemption of "0.00."

■ The Trustee also argues that the Debtor did not, but was somehow required to, claim an exemption in the proceeds of her workers' compensation claim by specifically claiming that they were a disability benefit under Section 282.2.(c) of the DCL. Recognizing that the Trustee is a knowledgeable and experienced trustee, the Court must assume that at the time that he filed his Objection to Exemptions he was aware that: (1) this Court had never

decided whether workers' compensation benefits were exempt under Section 282 of the DCL; and (2) a number of Bankruptcy Courts had held that workers' compensation benefits were exempt disability benefits under either Section 522(d)(10) or identical opt-out state laws.[6] Therefore, if the Trustee believed that workers' compensation benefits were not exempt or exempt only in part, he was required to object to the Debtor's claim of an exemption when she described the basis for her exemption claim as Section 282 of the DCL.

I agree with the Debtor, that the Trustee failed to make a timely objection under Rule 4003(b) to the Debtor's claim on her Schedule "C" that the proceeds of her pending workers' compensation claim were exempt, and under the Decision of the United States Supreme Court in *Taylor*, I find that the Debtor's claim of an exemption in the Settlement Proceeds must be allowed.

### IV. *Workers' Compensation Payments are Exempt Disability Benefits Under Section 282.2.(c) of the DCL*

■ Since the enactment of the Bankruptcy Code, the Court in the Rochester Division of the Western District of New York has not ruled on whether workers' compensation benefits are disability benefits within the meaning of Section 282.2.(c) of the DCL. As a result, members of the panels of trustees have taken different positions regarding whether workers' compensation payments are exempt, including lump sum awards for prepetition periods.

As set forth in the Background Section of this Decision & Order, the Court invited any and all interested parties to make submissions in connection with this case,

---

**6.** *See In re Green,* 178 B.R. 533 (Bankr. M.D.Fla.1995); *In re Cain,* 91 B.R. 182 (Bankr.N.D.Ga.1988); and *In re La Belle,* 18 B.R. 169 (Bankr.D.Me.1982).

so that the Court could finally decide this question.

Notwithstanding the Trustee's failure to timely object to the Debtor's claim of an exemption in the Settlement Proceeds, the Court finds that these workers' compensation benefits would otherwise be exempt because they are disability benefits under Section 282.2.(c) of the DCL.

Although workers' compensation benefits are clearly exempt under Section 33 of the Workers' Compensation Law,[7] the New York State Legislature failed to enumerate them in Section 282 of the DCL as a permissible exemption for a New York resident filing bankruptcy.

An argument can be made that an individual who files bankruptcy at a time when they have a pending workers' compensation claim which might result in an award that would include benefits for prepetition periods should not be entitled to an exemption for those prepetition benefits, because any indebtedness the individual incurred to fund their prepetition living expenses will be discharged in their bankruptcy. Therefore, to allow that indebtedness to be discharged, while permitting the debtor to retain the prepetition benefits, would afford that debtor a head start rather than a fresh start. Unfortunately, the legislative history to Section 282 of the DCL does not indicate that the New York State Legislature specifically addressed this equitable argument and failed to enumerate an exemption for workers' compensation benefits for this reason.

However, the New York State Legislature, as many state legislatures did when opting out of the provisions of Section 522, included a permissible bankruptcy exemption for disability benefits in Section 282.2.(c) of the DCL that is identical to the exemption provision set forth in Section 522(d)(10).

Prior to the enactment of the Bankruptcy Code and Section 282.2.(c) of the DCL, the New York State Court of Appeals in *Marhoffer v. Marhoffer*, 220 N.Y. 543, 116 N.E. 379 (1917) ("*Marhoffer*") stated that the "Theory of the Workmen's Compensation Law is not indemnity for the loss of a member or physical impairment as such, but compensation for disability to work based on average weekly wage."[8]

---

7. Section 33 reads:

§ 33. Assignments; exemptions

Compensation or benefits due under this chapter shall not be assigned, released or commuted except as provided by this chapter, and shall be exempt from all claims of creditors and from levy, execution and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived provided, however, that compensation or benefits other than payments pursuant to section thirteen of this chapter shall be subject to application to an income execution or order for support enforcement pursuant to section fifty-two hundred forty-one or fifty-two hundred forty-two of the civil practice law and rules. Compensation and benefits shall be paid only to employees or their dependents, except as hereinafter in this section provided. In the case of the death of an injured employee to whom there was due at the time of his or her death any compensation under the provisions of this chapter, the amount of such compensation shall be payable to the surviving spouse, if there be one, or, if none, to the surviving child or children of the deceased under the age of eighteen years, and if there be no surviving spouse or children, then to the dependents of such deceased employee or to any of them as the board may direct, and if there be no surviving spouse, children or dependents of such deceased employee, then to his estate. An award for disability may be made after the death of the injured employee.

N.Y. Workers' Comp. Law § 33 (Consol.2003).

8. This analysis requires the conclusion that the exemptability of workers' compensation benefits should not be based on the provisions of Section 522(d)(11) or Section 282.3.

In light of Section 33 of the Workers' Compensation Law and the disability characterization of workers' compensation benefits by the Court of Appeals in *Marhoffer*, this Court believes that if the New York State Legislature intended workers' compensation benefits to be non-exempt in a bankruptcy case, there would have been clear legislative history to explain this extraordinary action. Therefore, this Court must conclude that the New York State Legislature did not specifically enumerate workers' compensation benefits as a permissible bankruptcy exemption because it believed that those benefits were disability benefits under Section 282.2.(c) of the DCL.

With respect to the extent of any exemption, as enacted, Section 522(d)(10) does not provide that only certain disability benefits are exempt, even though the legislative history encompassing Section 522(d)(10) states that, "Paragraph (10) exempts certain benefits that are akin to future earnings of the debtor." This leaves unanswered the question of whether Congress intended future earnings to be measured by the date of the filing of the bankruptcy petition, or the date of the filing of a debtor's claim for social security, unemployment, disability and similar enumerated benefits.

If Congress intended akin to future wages to be measured from the date of the petition, then none of the workers' compensation benefits in this case would be exempt, nor would the prepetition components of many workers' compensation awards received post-petition in other cases.

As enacted, Section 522 and Section 282.2.(c) of the DCL do not provide that

anything less than all qualifying disability benefits a debtor might have an interest in are exempt, and there is insufficient Congressional or New York State legislative history for this Court to make a determination that only certain workers' compensation benefits are exempt.

In some cases, such as the case at hand, a holding that all workers' compensation benefits are exempt disability benefits will result in a debtor receiving a head start rather than a fresh start. In this case, as correctly pointed out by the Trustee, there is no doubt that the Debtor will be receiving a head start. Any indebtedness she incurred to fund her living expenses during her unpaid time out of work has now been discharged in her Chapter 7 case, and the Settlement Proceeds are not reasonably necessary for her support or the support of any dependant.[9] Despite the possible windfalls that may occur in some bankruptcy cases, the nature, extent and consequences to the interested parties of bankruptcy exemptions are for Congress and the respective legislatures to determine.

### CONCLUSION

The Settlement Proceeds, the amounts received by the Trustee less Zwisohn's allowed compensation, shall be turned over to the Debtor as exempt property by July 15, 2003, unless this Decision & Order is appealed, in which case, they must be deposited in the Trustee's interest-bearing Trustee account, and if this Decision & Order is affirmed, they shall be turned over to the Debtor, together with all of the interest earned on the Proceeds, within ten (10) business days after the last of any

---

**9.** Under the Vermont Statutes Annotated, disability benefits are exempt only "to the extent reasonably necessary for the support of the debtor and any dependents of the debtor[.]"

VT. STAT. ANN. tit. 12, § 2740 (2003).

appeals affirming this Decision & Order has become final.

**IT IS SO ORDERED.**